ESTHER SANDLER *vs.* BOSTON ELEVATED RAILWAY COMPANY & trustee.

Suffolk.   March 13, 1914. — June 17, 1914.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & CROSBY, JJ.

*Practice, Civil,* Venue.   *Trustee Process.   Statute,* Repeal.

Since St. 1904, c. 320, providing that "An action against a city, town, person, or corporation to recover for injury or damage received in this Commonwealth by reason of negligence . . . shall be brought in the county in which the plaintiff lives or has his usual place of business, or in the county in which the alleged injury or damage was received," such an action cannot be brought in any county other than is specified in that statute even though it be brought by trustee process and a trustee named in the writ has a usual place of business in such other county, because that statute repealed inconsistent provisions of R. L. c. 189, §§ 1, 2, which provided that such an action might be brought by trustee process and, if so brought, should be brought in the county where a trustee dwelt or had a usual place of business.

TORT, by trustee process, for personal injuries alleged in the declaration to have been received in Malden in the county of Middlesex and to have been caused by negligence of the defendant. The writ alleged that the plaintiff was of Lawrence in the county of Essex and that the trustee was the National Shawmut Bank of Boston. Writ dated November 5, 1913.

The defendant moved to dismiss the action on the ground that it was improperly brought in the county of Suffolk, under St. 1904, c. 320; which, so far as material, reads as follows: "An action against a city, town, person, or corporation to recover for injury or damage received in this Commonwealth by reason of

negligence . . . shall be brought in the county in which the plaintiff lives or has his usual place of business, or in the county in which the alleged injury or damage was received."

The motion was allowed by *Crosby*, J. The plaintiff appealed.

*D. Stoneman*, for the plaintiff.

*J. E. Hannigan*, (*A. J. Santry* with him,) for the defendant.

LORING, J. The purpose of St. 1904, c. 320, is manifest. It was to relieve the courts of those counties in which defendants in actions of negligence usually have a place of business from the trial of actions where the act of negligence happened in another county to plaintiffs residing or having a place of business in other counties. If (as is contended by the plaintiff) it were still possible to begin the action (in such cases) by a trustee writ, the purpose of the enactment to a large extent would be nullified. We are of opinion that the Legislature meant what it said when it provided that such actions "shall be brought" in the county where the plaintiff lives or has his usual place of business, or in the county in which the injury was received, and that R. L. c. 189, §§ 1, 2, were to that extent impliedly repealed. See in this connection *Kilby Bank, petitioner*, 23 Pick. 93; *Merchants Bank* v. *Cook*, 4 Pick. 405.

The order for judgment dismissing the action must be affirmed; and it is

*So ordered.*