THEO W. PINSON *vs.* ROCKWELL H. POTTER.

Hampden. September 16, 1936. — September 15, 1937.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Jurisdiction. Practice, Civil,* Venue. *District Court.*

A district court, under G. L. (Ter. Ed.) c. 223, § 2, as amended by St. 1934, c. 387, § 2, had jurisdiction of an action of tort which arose out of the operation of a motor vehicle involved in a collision in Connecticut and which was brought by one domiciled in and a resident of Texas against one domiciled in and a resident of Connecticut, if the defendant was served with process in this Commonwealth.

Orders of a lower court sustaining a "plea in abatement" to and allowing a motion to dismiss an action having been based solely on alleged lack of jurisdiction, exceptions thereto did not present the question, whether jurisdiction properly was refused as a matter of discretion on the principle of *forum non conveniens.*

TORT. Writ in the District Court of Springfield dated February 6, 1936.

Upon removal to the Superior Court, *Burns,* J., sustained a "plea in abatement" and allowed a motion to dismiss. The plaintiff alleged exceptions.

The case was submitted on briefs.

*J. P. Moriarty & J. F. Handy,* for the plaintiff.

*R. H. Doran,* for the defendant.

FIELD, J. This is an action of tort to recover compensation for personal injuries alleged to have been sustained by the plaintiff as the result of a collision of an automobile which the defendant was driving with an automobile in which the plaintiff was riding. The action was commenced by writ and summons dated February 6, 1936, returnable to the District Court of Springfield on February 22, 1936, and was removed to the Superior Court by the plaintiff. The writ describes the plaintiff as of Dallas, Texas, and the

defendant as of Hartford, Connecticut. The officer's return shows that personal service was made on the defendant in Springfield. The declaration alleges that the collision occurred in the town of Ridgefield, Connecticut. The defendant, through his attorneys, filed a special appearance, a motion to dismiss and a so called "plea in abatement."

The motion to dismiss was based on "lack of jurisdiction on the following grounds: 1. Noncompliance with G. L. c. 223, § 2, as amended by St. 1934, c. 387. 2. The plaintiff has access to the courts of the State of Connecticut and of the United States." The "plea in abatement" alleged "that the action for which suit was brought in this case arises out of an automobile accident that occurred in the State of Connecticut; that at the time of said accident the plaintiff was a resident of the State of Texas and the defendant was and still is a resident of the State of Connecticut, and that because of the residence and the place of the accident this court has not jurisdiction over the parties in this suit."

The matter was heard in the Superior Court on agreed facts which include the following: This action "is for personal injuries arising out of a motor vehicle accident occurring on April 13, 1935, at Ridgefield, Connecticut." "The plaintiff is a citizen domiciled in the State of Texas." He "is and was at the time of the accident alleged in the plaintiff's declaration a resident of Dallas in the State of Texas . . . he is and has been employed by a Massachusetts corporation, managing its real estate in Texas . . . periodically he comes to Springfield, Massachusetts, in connection with said corporation's business." Immediately "after the accident the plaintiff was taken to a hospital in Danbury, Connecticut, and there treated by Connecticut doctors, later treated by doctors in Tennessee and Texas." At the time of service of the writ the plaintiff "was in said Springfield and had consulted doctors in Springfield during January, 1936." "The defendant is a citizen domiciled in the State of Connecticut." He "is and has been for some years past a resident of Hartford in the State of Connecticut, and his work is centered in said Hartford, and at the time

of the accident alleged in the plaintiff's declaration, he was a resident of said Hartford." At "the time of service of writ in hand upon the defendant he was in Springfield, Massachusetts, for the purpose of giving a lecture."

The motion to dismiss was allowed, the "plea in abatement" was sustained, and the plaintiff excepted.

The defendant contends that the motion to dismiss was rightly allowed, and that the "plea in abatement" was rightly sustained, for the reason that (a) the Superior Court had no jurisdiction of the action, but (b) if it had such jurisdiction the judge could and did, in his discretion, decline jurisdiction in accordance with the principle of *forum non conveniens*.

The motion to dismiss and the "plea in abatement" raise not only the question of jurisdiction in the strict sense, but also the question whether venue was properly laid. See *Paige* v. *Sinclair*, 237 Mass. 482. See also *Hanley* v. *Eastern Steamship Corp.* 221 Mass. 125, 127, 130.

The Superior Court had no original jurisdiction of the action. By G. L. (Ter. Ed.) c. 218, § 19, as amended by St. 1934, c. 387, § 1, it is provided that "District courts shall have exclusive original jurisdiction of actions of tort arising out of the operation of a motor vehicle." (St. 1934, c. 387, took effect October 1, 1934 — before this action was commenced and even before the collision occurred out of which the alleged cause of action arose.) But under § 102A, inserted in G. L. (Ter. Ed.) c. 231, by St. 1934, c. 387, § 3, the plaintiff could remove the action to the Superior Court if it had been properly brought in the District Court, with respect both to jurisdiction, in the strict sense, and to venue.

This action was not properly brought in the District Court unless in conformity with G. L. (Ter. Ed.) c. 223, § 2, as amended by St. 1934, c. 387, § 2, which is set out in a footnote.* It was not brought in conformity with that part

---

* G. L. (Ter. Ed.) c. 223, § 2, amended by St. 1934, c. 387, § 2, by striking out the section and inserting a new section in place of it, is as follows: "Except as provided in section twenty-one of chapter two hundred and eighteen *and except as provided in this section,* a transitory action in a district court shall be brought in the county where one of the defendants lives or has his usual place of business, or, if commenced by trustee process, in the county where all persons named in the writ as trustees live or have their usual places of business, and, in either case, in a court within whose judicial district one of

of the section — added by the amendment — which deals specifically with actions of tort arising out of the operation of motor vehicles and provides venue for such actions only if one of the parties is a resident of the Commonwealth. The plaintiff contends, however, that the action was properly brought under the part of the section — the last sentence thereof — dealing with transitory actions generally when the defendant is not an inhabitant of the Commonwealth, which was reënacted by the amending statute without any change in its terms.

Under G. L. (Ter. Ed.) c. 223, § 2, as it stood before the amendment, this action would have been properly brought. The section then dealt throughout with transitory actions generally, without any special provision for actions of tort arising out of the operation of motor vehicles, which are transitory actions. See *Hanlon* v. *Frederick Leyland & Co. Ltd.* 223 Mass. 438, 440. It provided in its first sentence that a transitory action "shall be brought in the county where one of the defendants lives or has his usual place of business" with a further provision applicable to trustee process. But it contained in its second and last sentence, by way of exception or extension, the provision — now the third and last sentence of the section — relating to transitory actions where the defendants are not inhabitants of the Commonwealth. The latter provision was not expressly or impliedly limited to actions brought by resident plaintiffs or upon causes of actions arising within the Commonwealth. See *Peabody* v. *Hamilton*, 106 Mass. 217; *Johnston*

---

the parties lives or has his usual place of business, except that an action commenced by trustee process may be brought in the municipal court of the city of Boston if any trustee resides or has his usual place of business in Suffolk county. *An action of tort arising out of the operation of a motor vehicle shall be brought in a district court within whose judicial district one of the parties lives or in any district court in the same county, which adjoins the judicial district in which the defendant lives or has his usual place of business, provided, that if one of the parties to any such action lives in Suffolk county such action may be brought in the municipal court of the city of Boston.* Said courts shall have jurisdiction of a transitory action against a defendant who is not an inhabitant of the commonwealth, if personal service or an effectual attachment of property is made within the commonwealth; and such action may be brought in any of said courts in the county where the service or attachment was made." (The effect of the amendment was to insert the words in italics in the section as previously in force.)

v. *Trade Ins. Co.* 132 Mass. 432; *Universal Adjustment Corp.* v. *Midland Bank, Ltd. of London,* 281 Mass. 303, 315. It was broad enough to cover the present case.

It is necessary to determine whether the amendment, though not changing the terms of the last sentence of the section, has limited its scope. The inserted sentence, in providing that an action of tort arising out of the operation of a motor vehicle "shall be brought" in a specified district court, is not more mandatory in form than the first sentence of the section. The inserted provision is referred to as an exception to the provision of the first sentence of the section. And its position in the section bears out this interpretation. It is not referred to as an exception to the provision of the last sentence thereof dealing with nonresident defendants. While this inserted sentence provides venue for certain actions for which no venue is provided by the first sentence of the section — actions brought by resident plaintiffs — it does not cover all actions which were within the scope of the last sentence. The inserted sentence makes no provision for venue of actions brought by nonresident plaintiffs against nonresident defendants even if the causes of action arose within the Commonwealth. It would give to such a plaintiff no benefit of the provisions of G. L. (Ter. Ed.) c. 90, § 3A, in the case of a motor accident or collision on a public way in this Commonwealth. And the Superior Court has no original jurisdiction of such an action brought by such a plaintiff. There is nothing in the history of the amendment — apart from its language — to indicate that the Legislature intended to exclude from the courts of the Commonwealth actions between nonresident plaintiffs and nonresident defendants arising out of the operation of motor vehicles either within or without the Commonwealth. We think that the natural interpretation of the section is that the last sentence thereof continues to stand, as it did before the amendment, as an exception or an extension to that which has gone before, and that it applies to actions of tort arising out of the operation of motor vehicles as well as to all other transitory actions. The statutory situation in *Sandler* v. *Boston Elevated Railway,* 218 Mass. 333, was

materially different. The present action, therefore, was properly brought in the District Court.

The defendant contends, however, that even if the District Court had jurisdiction of the case the action of the trial judge can be sustained as an exercise of discretion in denying jurisdiction on the principle of *forum non conveniens.* However, the motion to dismiss and the "plea in abatement" were based in terms solely on want of jurisdiction of the action or of the parties. Neither the motion nor the "plea in abatement" contains any request that the court, if it had jurisdiction of the action, should decline to take jurisdiction thereof in accordance with the principle of *forum non conveniens.* And there is nothing in the record to indicate that the court did so decline. This principle is to be "applied with caution" and "involves an element of discretion." *Universal Adjustment Corp.* v. *Midland Bank, Ltd. of London,* 281 Mass. 303, 315, 316. It is not to be assumed on this record that the trial judge applied this principle, but it is to be assumed that he allowed the motion to dismiss and sustained the "plea in abatement" on grounds therein stated. The exceptions present the question whether there was error of law in so doing. For the reasons stated we hold that there was error.

*Exceptions sustained.*