*Municipal Court of the City of Boston*

No. 348069

## CITY OF BOSTON

v.

## EARL C. DeMERRITT

(December 17, 1952)

*ADLOW, J.* Action of contract brought by the City of Boston to recover a claim of the Boston City Hospital in the amount of $2,397.90. The suit was brought by a common writ which described the defendant "as of Dover in the County of Norfolk." Service, as disclosed by the officer's return, was by a fictional chip attachment and personal service in hand to the defendant by delivery of a summons at Valley Farm Dairy in Dover. The defendant appeared specially and moved to dismiss the action for want of jurisdiction, and being aggrieved by the allowance of this motion to dismiss, the plaintiff brings this report.

Whether the Municipal Court of the City of Boston has jurisdiction to hear this cause depends on two basic considerations. *First,* has the court jurisdiction over the subject-matter? *Second,* has

the court jurisdiction over the parties? The first is a matter of jurisdiction in its strict and technical sense. The second is solely a matter of venue.

In courts originated in the common law there vested a jurisdiction governed by common law principles until modified by statute. In America the source of power in all our courts from earliest times has invariably been derived from written law and the jurisdiction or power so conferred cannot be transcended. *Ex Parte Bollman and Swartout,* 4 Cranch (U.S.) 75, 93.
This power cannot even be enlarged by the agreement of parties. *Brown* v. *Webber,* 6 Cush. 560.

Ever since St. 1929, c. 316, §1, district courts in Massachusetts have had original jurisdiction concurrent with the Superior Court over all actions of contract, tort and replevin. G. L., c. 218, § 19; G. L., c. 212, § 4.

By virtue of the power so conferred there can be no question of the authority of the court with respect to jurisdiction over the subject-matter of this dispute.

It is urged by the defendant that to render a valid judgment the court must have jurisdiction over the parties as well as over the subject-matter. *Brown* v. *Webber,* 6 Cush. 560, and he points to an apparent limitation imposed by the provisions of G. L., c. 223, § 2. This section deals with the venue of transitory actions brought in district courts. It neither restricts nor enlarges the jurisdiction over parties conferred by G. L., c. 218, § 54, on the Municipal Court for the City of Boston.

However, neither of these sections are conclusive of the authority of this court over parties. In *Sandler* v. *Boston Elevated Railway Co.,* 218 Mass. 333, it was ruled that St. 1904, c. 320, impliedly precluded a plaintiff from bringing an

action involving personal injuries in any county other than where the plaintiff resided or the accident occurred. In other words, the court ruled that the provisions of R. L. c. 189, §§ 1 and 2 were not conclusive with respect to venue, and that the special act which regulated the venue of actions in certain personal injury cases was determinative of the appropriate tribunal.

In the cause under consideration the plaintiff relies on G. L., c. 223, § 9 which provides that actions by or against the City of Boston may be brought in Suffolk, Essex, Middlesex or Norfolk County, or in the county where the plaintiff lives. We see no reason why this section should not suffice to determine the issue of venue where the City of Boston is a party.

To those who insist that the venue prescribed by G. L., c. 223, § 9 is limited to actions returnable only in the Superior Court, it is sufficient to suggest that § 10 of the same chapter provides for the removal of such causes from district courts to the Superior Court when the defendant so elects.

See *City of Boston* v. *Walsh*, No. 302930, Vol. 65, App. Div. B. M. C. Equally impressive is the circumstance that by virtue of the St. 1923, c. 111, the provisions of G. L., c. 223, § 7, were amended to exclude district courts from its operation and to limit the venue provided by the aforesaid § 7 to the Superior Court. The fact that no similar amendment was made to § 9 of this same chapter reveals a disposition on the part of the legislature to distinguish between the venue prescribed by §§ 7 and 9.

Order dismissing action *reversed.*

Plaintiff's attorney: H. F. Ciechetti.

Defendant's attorney: Herbert B. Mackintosh.