*Western District*

## TABLE TALK PASTRY COMPANY, INC.
### and
## TABLE TALK PIE COMPANY OF CONNECTICUT, INC.
### v.
## ASSOCIATED TRANSPORT, INC.

Argued: January 15, 1964
Decided: March 13, 1964

*Present*: Moore, J. (Presiding), Allen & Sloan, JJ.

Case tried to *Garvey, J.* in the Central District Court. Nos. S C 140 780, D C 62 T 475.

*Sloan, J.* This is an action of tort in which the plaintiffs (hereinafter referred to as "Table Talk") seek to recover property damage to a vehicle and for cargo loss arising out of an accident, that occurred on September 5, 1960 on a public way in Newington, Connecticut, in which action, negligence of the defendant, its agents or servants is alleged. The answer is a general denial, plea of contributory negligence, violation of law and statute of limitations.

A motion to dismiss was filed by the defendant, together with an affidavit of counsel for the defendant, which affidavit set forth

in substance, that "Table Talk" is a corporation doing business in the State of Connecticut; that the alleged accident arose in the State of Connecticut; that there were investigative and eye witnesses to the alleged accident, all of whom resided in the State of Connecticut and not amenable to process as witnesses in the Massachusetts action; that arising out of the accident, was a suit for personal injuries pending in the State of Connecticut and also a suit for property damage between the parties; that a view of the scene of the accident was desirable; that the Massachusetts action was brought for the purpose of obtaining an undue advantage; that the Massachusetts action prejudiced the defendant its right to a full measure of justice.

There was no counter affidavit or evidence presented on behalf of "Table Talk".

Hearing was had on the motion to dismiss after which the court entered the following order:

"In the exercise of discretion, after consideration of the pleadings, the affidavit and arguments, I deny the motion."

The court failed to act upon any of the defendant's requests for rulings, duly filed in connection with the motion to dismiss.

After hearing the cause on the merits, the court entered the following ruling:

"Subsequent to the filing of the Draft Report, there was a trial on the merits and a finding was made for the plaintiffs. As the issues now raised by the defendant in its Draft Report, now being

ripe for consideration by the Appellate Division, the Draft Report is ALLOWED. It is further ordered, that this order be made part of the report."

We shall treat the motion to dismiss as a motion to invoke the doctrine of *forum non conveniens*.

We have found no decision of our Supreme Court where the principle of *forum non conveniens* was presented to the court in a tort case. In *Pinson v. Potter,* 298 Mass. 109, a suit brought in the District Court of Springfield, a Texas plaintiff sued a Connecticut defendant for injuries suffered in an automobile accident in Connecticut; our Supreme Court ruled that the motion to dismiss was allowed by the court because of lack of jurisdiction and not because it invoked the doctrine of *forum non conveniens.*

However in several other cases the principle has been stated, defined and elaborated on.

In *Bethlehem Fabricators, Inc. v. H. D. Watts Co.,* 286 Mass. 556, 93 ALR 1124 the court held there was no abuse of discretion by the trial judge in retaining jurisdiction of a bill in equity to reach and apply certain property of the defendant where the plaintiff was a Pennsylvania Corporation, the defendants Maine and Maryland Corporations and one defendant an individual resident of Illinois.

In *Lydia S. Pinkham Medicine Co. v. Gove,* 298 Mass. 53, the court again stated that the principle of *forum non conveniens*

ought to be applied with caution and held that there was no abuse of discretion in hearing a bill in equity by a Maine Corporation, having a principal place of business in Massachusetts against officers and directors who were residents of Massachusetts.

In *Trojan Eng. Corp. v. Green Mountain Power Corp.,* 293 Mass. 377, it was held that the court properly refused to decline jurisdiction on the ground of *forum non conveniens* in a suit by a corporation having its principal place of business in New York State against a Vermont Corporation engaged in generating and distributing gas and electricity in Vermont, on a contract involving materials supplied to the defendant in Vermont, and where the witnesses resided outside of Massachusetts and a view might be expedient in Vermont.

The chief grounds of the motion appear to be that there were witnesses who lived in Connecticut and that a view of the scene was desirable. In respect to the non-resident witnesses it is to be noted that there are statutory procedures for taking depositions of out of state witnesses. An examination of the record reveals that the defendant availed itself of this procedure and a commission to take depositions was issued.

As to a view being desirable, modern photographic methods have all but eliminated the necessity of the judge or jury taking a view. There is nothing in the record to indicate there was anything unusual about the scene

of this accident which would require a view.

The denial of the motion to dismiss was a matter addressed to the sound discretion of the trial judge. We find no abuse of discretion in his denial of the motion.

The ruling of the trial judge not to decline jurisdiction because of *forum non conveniens* was right. It was in conformity with the principles stated in *Universal Adjustment Corporation v. Midland Bank,* 281 Mass. 303, 312, 315.

■ The failure of the trial judge to take action upon the requests of the petitioner for rulings of law was in the circumstances a denial of them. *Georgeopoulos v. Georgeopoulos,* 303 Mass. 231; *Kranetz v. Lepofsky,* 294 Mass. 80, 200 NE 865.

Each of the eleven requests for rulings filed by the defendant starts with the words "Under the circumstances". For the purposes of this case we are treating them as requests for rulings "upon all the evidence". However in none of the requests is the grounds specified on which such requests is based. They, therefore, are not in compliance with Rule 27 of the Rules of the District Courts. A denial of such requests was therefore proper.

*This report is to be dismissed.*

Samuel Perman, of Worcester, for the Defendant.
Edward J. McCabe, of Worcester, for the Plaintiff.