Smith *v.* Arnold.

BENJAMIN SMITH *vs.* LOREN ARNOLD.

Even before the St. of 1870, *c.* 218, no action lay to recover the price of meat sold by weights which were not sealed, in accordance with the Gen. Sts. *c.* 51, by the sealer of weights and measures of the town in which the seller resided, although they were sealed by the sealer of another town.

CONTRACT for the price of meat sold and delivered. At the trial in the superior court, before *Rockwell*, J., the jury returned a verdict for the plaintiff, and the defendant alleged exceptions. The case is stated in the opinion.

*W. B. Gale*, for the defendant.

*J. T. Joslin,* for the plaintiff.

MORTON, J.　The defendant contests one of the items in the plaintiff's account, on the ground that the beef therein charged was sold in violation of law.　It appeared at the trial that the plaintiff is, and was in 1868, an inhabitant of Stow; that on February 15, 1868, he sold the beef in question in that town; and that the weights and scales by which he sold it were not sealed by the sealer of weights and measures appointed for said town of Stow.　It further appeared that the plaintiff's weights and scales had been tested and sealed in the same year at Boston, by the sealer of weights and measures appointed for that city. The question is, whether this sale was in violation of section 16 of the Gen. Sts. *c.* 51.

This chapter does not provide in express terms that weights and measures shall be sealed by the sealer of the city or town in which the person who sells by them resides; but we think this conclusion results by necessary implication from its various provisions.　The eleventh section provides that " every sealer of weights and measures shall annually in May advertise in some newspaper, or put up notifications in different parts of the city or town, for every inhabitant who uses weights and measures for the purpose of buying and selling, and for public weighers who have the same, to bring in their measures, weights, balances, scales and beams, to be adjusted and sealed; and he shall forthwith adjust and seal all weights and measures brought to him for that purpose."　By this section, the inhabitants of the town are to bring in their weights and measures to the sealer of the town, and he is to seal the weights and measures of such inhabitants, thus brought in.　There is no other provision in the statute, for the sealing of weights and measures.　The sixteenth section provides that " whoever sells by any other weights, measures, scales, beams or balances, than those which have been sealed as before provided, shall forfeit a sum not exceeding twenty dollars for each offence."

By the necessary construction of this last section, every person who sells subjects himself to a penalty, unless the weights and measures by which he sells have been sealed as provided in the

sixteenth section, that is, sealed by the sealer of the town of which he is an inhabitant. This construction was impliedly adopted by the court in *Hewes* v. *Platts*, 12 Gray, 143. As the weights and scales by which the plaintiff sold were not sealed according to law, it follows that the sale was illegal, and he cannot maintain an action to recover for the goods sold. *Miller* v. *Post*, 1 Allen, 434. *Libby* v. *Downey*, 5 Allen, 299.

It is hardly necessary to say that the St. of 1870, *c*. 218, having been passed since the sale by the plaintiff, has no application to this case. *Exceptions sustained.*