ORLANDO M. PALMER & another *vs.* MICHAEL KELLEHER.

A provision dealer had his shop in N., but most of his customers lived in W., and he weighed and measured the provisions from his market-wagon as he delivered them to his customers. His weights and measures were sealed in W., but not in N. *Held*, that they were not sealed in the town where he had his "usual place of business" within the St. of 1870, *c.* 218, § 1, and that he could not recover for goods sold by them.

CONTRACT by Orlando M. Palmer and William Johnson on an account annexed, the items of which were for meat and vegetables sold and delivered.

The case was submitted to the judgment of the Superior Court, on an agreed statement of facts substantially as follows :

The goods were sold and delivered to the defendant by the plaintiffs between August 1 and December 10, 1871, in the amounts and of the value stated in the account. The plaintiffs were market-men and provision dealers, inhabitants of and doing business in Newton. They commenced their business in June 1871. In August 1871, they bought out one Stearns, who was an inhabitant of Newton, but whose place of business was, up to that time, in Watertown, and whose customers resided in Newton and Watertown. The defendant was one of Stearns's former customers and resided in Newton. With the business, good-will, market-wagons and fixtures of all kinds, the plaintiffs bought the scales, weights and measures which had formerly been used by Stearns, and which had all been properly sealed by the sealer of weights and measures in Watertown in June 1871. A few of the weights and measures used in the plaintiffs' shop at this time were bought in Boston in June 1871, by the plaintiffs, but were all properly sealed there before they were bought by them. None of the scales, weights and measures were sealed by

the sealer of weights and measures for the town of Newton. The goods in question were all weighed and measured from the plaintiffs' market-wagon while on their usual route, and most of their customers resided in Watertown, where was the principal part of their business. Upon these facts it was submitted whether the plaintiffs could recover.

The Superior Court rendered judgment for the plaintiffs, and the defendant appealed.

*T. Weston, Jr.*, for the plaintiffs.

*J. Rutter*, for the defendant.

MORTON, J. If the plaintiffs' scales, weights and measures, used in selling the merchandise sued for, were not adjusted, sealed and recorded according to the statute, the sales were illegal and this action cannot be maintained. Gen. Sts. *c.* 51, § 16. *Smith* v. *Arnold*, 106 Mass. 269. *Sawyer* v. *Smith*, 109 Mass. 220.

By the agreed facts it appears that the plaintiffs are market-men and provision dealers, residing and doing business and having their shop in Newton. Most of their customers resided in Watertown, where was the principal part of their business. Their scales, weights and measures were never adjusted and sealed in Newton, but a part of them had been, before they bought them, adjusted and sealed in Watertown, and a part in Boston. Upon these facts we are of opinion that the plaintiffs cannot recover. The St. of 1870, *c.* 218, § 1, provides that "all persons using scales, weights, measures or milk-cans, for the purpose of selling any goods, wares, merchandise or other commodities, shall have them adjusted, sealed and recorded by the sealer of weights and measures in the city or town in which they reside or have their usual place of business." This statute required the plaintiffs to have their scales, weights and measures adjusted, sealed and recorded in Newton. The ground taken by them that "their usual place of business," within the meaning of the statute, was in Watertown, cannot prevail without a violation of the just rules of construction. The word "place" is often used in the statutes to denote a city or town, but it is also often used in a more restricted sense, to denote a specific place within a city or town at which a person dwells or transacts business. In this latter sense

it is used in the expressions the "usual place of business," and "places of business," and "usual place of abode," found in the statutes fixing the venue of transitory actions, Gen. Sts. *c.* 123, §§ 1, 5; and of the trustee process, Gen. Sts. *c.* 142, § 4; in the provision for taxing partnership property, Gen. Sts. *c.* 11, § 15; and in the provision for serving writs, Gen. Sts. *c.* 123, § 25. *Little* v. *Cambridge*, 9 Cush. 298. *Rhodes* v. *Salem Turnpike & Chelsea Bridge Co.* 98 Mass. 95. Such is obviously the only possible construction where the statute speaks of the "usual place of abode" as the place where writs and notices may be served. We think the statute under consideration must receive the same construction; and that the plaintiffs' "usual place of business" was their shop in Newton. They transacted business in Watertown by driving from house to house and delivering goods, but they had no place of business in that town. This view is decisive against the plaintiffs, even if all their scales, weights and measures had been sealed in Watertown. The result is that the sales by the plaintiffs were illegal and they cannot recover.

*Judgment for the defendant.*