WILLIAM H. PAIGE & another vs. HARRY SINCLAIR.

Suffolk.    January 10, 1921. — March 1, 1921.

Present: RUGG, C. J., DE COURCY, CROSBY, PIERCE, & JENNEY, JJ.

*Venue.    Jurisdiction.    Practice, Civil,* Answer, Motion to dismiss.

The proper method of raising the question, whether under St. 1904, c. 320 (now G. L. c. 223, § 7), the venue of an action for personal injury or damage caused by negligence is laid in the right county, is by a motion to dismiss the action.

Statement by RUGG, C. J., of the distinction between jurisdiction and venue.

A defendant in an action of tort for personal injuries by appearing generally and answering waives any objection which he might have raised as to whether, under St. 1904, c. 320 (now G. L. c. 223, § 7), the action was laid in the right venue.

TORT for personal injuries. Writ in the Municipal Court of the City of Boston dated November 26, 1919.

The circumstances in which in the Municipal Court the action was dismissed and was reported to the Appellate Division are described in the opinion. The report was dismissed; and the plaintiffs appealed.

*R. R. Sullivan,* for the plaintiffs.

*C. L. Allen, G. L. Barnes & M. E. Schneider,* for the defendant, submitted a brief.

RUGG, C. J. This action was brought in the Municipal Court of the City of Boston. The writ describes the plaintiffs as of Provincetown in the county of Barnstable and the defendant and a trustee as resident in Boston in the county of Suffolk. The cause of action is tort. The declaration alleges damage to the plaintiffs arising from a collision of automobiles, which occurred in Provincetown and was brought about by the negligence of the defendant. The defendant answered and set up a general denial and contributory negligence of the plaintiffs. There was no plea in abatement and no plea was filed to the jurisdiction. There is nothing on the record before us to indicate that the trustee was served with process or answered; it has made no argument before us, and therefore the case is considered without reference to it.

The case was assigned for trial and the parties were in court with their witnesses. The trial judge read the writ and pleadings, which consisted of the declaration and answer. No plea to the jurisdiction having been filed, the judge inquired of counsel for the defendant whether any objection to the jurisdiction was raised, receiving an affirmative answer. The judge thereupon made the following ruling: "I rule of my own motion that on the showing of the writ and declaration, this court has no jurisdiction and I order the action dismissed." To this ruling the plaintiffs objected and the case was reported.

The ruling doubtless was based upon the interpretation placed upon St. 1904, c. 320. Its material words are that "An action against a . . . person, or corporation to recover for injury or damage received in this Commonwealth by reason of negligence . . . shall be brought in the county in which the plaintiff lives or has his usual place of business, or in the county in which the alleged injury or damage was received."

If that statute affected the jurisdiction of the court it was the duty of the judge to take notice of it even though the parties raised no question concerning it. Consent does not confer jurisdiction. *Boston Bar Association* v. *Casey*, 227 Mass. 46, 50, and cases cited. *Eaton* v. *Eaton*, 233 Mass. 351, 364, and cases collected. That statute has been considered in *Sandler* v. *Boston Elevated Railway*, 218 Mass. 333, and in *Hanley* v. *Eastern Steamship Corp.* 221 Mass. 125. Its meaning and purpose there are established. In each of those cases the defendant appeared specially and seasonably filed a motion to dismiss on the statutory grounds. That is the correct practice.

The provisions of St. 1904, c. 320, relate to venue of actions rather than the jurisdiction of courts. The substance of that act, now found in G. L. c. 223, § 7, rightly is grouped with other sections under the heading "Venue of actions." The distinction between jurisdiction and venue is plainly established. *Potter* v. *Lapointe Machine Tool Co.* 201 Mass. 557, 560, 563. Jurisdiction is a term of comprehensive import. It concerns and defines the power of judicatories and courts. It embraces every kind of judicial action touching the subject of the action, suit, petition, complaint, indictment or other proceeding. It includes power to inquire into facts, to apply the law, to make decision and to declare

judgment. *Hopkins* v. *Commonwealth*, 3 Met. 460, 462. *Dinan* v. *Swig*, 223 Mass. 516, 520. Venue in its modern and municipal sense relates to and defines the particular county or territorial area within the State or district in which the cause or prosecution must be brought or tried. It commonly has to do with geographical subdivisions, relates to practice or procedure, may be waived, and does not refer to jurisdiction at all. *United States* v. *Hvoslef*, 237 U. S. 1, 12. *British South Africa Co.* v. *Companhia De Moçambique*, [1893] A. C. 602, 617, 619, 630. *Herd* v. *Tuohy*, 133 Cal. 55. *In re Ellis' Estate*, 55 Minn. 401, 408.

A plea that the action is brought in the wrong county or wrong district is commonly matter of abatement and does not go to the jurisdiction of the court. *Guild* v. *Bonnemort*, 156 Mass. 522. *Silver* v. *Graves*, 210 Mass. 26, 32. *Murphy* v. *Merrill*, 12 Cush. 284. *Treasurer & Receiver General* v. *Sermini*, 229 Mass. 248, 253.

The case at bar is an action of tort for injury alleged to have arisen from the negligence of the defendant, the damages being laid at $200. The cause of action was within the general jurisdiction of the Municipal Court of the City of Boston. By R. L. c. 160, §§ 18, 59, now G. L. c. 218, §§ 19, 54, that court has jurisdiction of actions of tort in which the damages demanded are less than $2,000 if one of the defendants lives or has his usual place of business in Boston. The plaintiffs could not question the venue of the action because they selected it voluntarily. By the general appearance of the defendant the court acquired jurisdiction over the defendant. Thereby the defendant waived any objection which he might have raised as to the faulty venue of the action. Having jurisdiction both of the cause of action and of the parties, it was error for the judge of the Municipal Court to rule as matter of law that it had no jurisdiction to consider the case. *Brown* v. *Webber*, 6 Cush. 560. *Craig Silver Co.* v. *Smith*, 163 Mass. 262, 268. *Chamberlayne* v. *Nazro*, 188 Mass. 454. *Barry* v. *Page*, 10 Gray, 398.

The case at bar is governed by the authority of *Henry* v. *Sweeney*, 216 Mass. 112. That was an action of contract. An examination of the original papers in that case shows that the sole defendant, described as a resident of Revere in the county of Suffolk and without allegation as to his usual place of business, was sued by

writ issuing from the First District Court of Essex. By R. L. c. 167, § 2, then in force, it was provided that a transitory action in a district court "shall be brought in the county in which one of the defendants lives or has his usual place of business. . . ." That defendant thus was sued in a district court in a county other than that in which he lived or had his usual place of business. However, he answered generally to the merits of the case, but thereafter filed a motion to dismiss the action for lack of jurisdiction. It was held that by filing a general answer the defendant had waived any objection which he might have interposed and that the district court had jurisdiction of the cause of action and acquired jurisdiction of the defendant by reason of his answer.

It follows both on principle and authority that the ruling was wrong. The order dismissing the report is reversed and the case is to stand for trial on its merits.

*So ordered.*