Estes, P. J.
This action of tort arises out of the operation of a motor vehicle (Blair vs. Boston Elevated Railway *335 Company, 310 Mass. 1; Couto vs. Trustees N. Y. N. H. & H. R. R. Co., Mass. Adv. Sheets (1942) 1153; Kennedy vs. Consolidated Motor Lines, Mass. Adv. Sheets (1942) 1231.) The plaintiff is a resident of Lexington in the County of Middlesex;
The defendant first filed an answer of general denial, contributory negligence, and that the plaintiff was violating a law at the time of the accident. It filed interrogatories to the plaintiff (see docket entries) and subsequently made a motion to expunge its original answer and to be allowed to file an answer in Abatment on.the ground that the Court in which the action was brought did not have jurisdiction of this action under the provisions of General Laws and the Acts of 1934, Chapter 387, and amendments thereto, because it did not have (as it contends) an usual place of business in the Judicial District of the District Court of East Norfolk, in which court the action was brought.
The motion was allowed. No objection by the plaintiff to this action appeared in the record. After hearing the Court “overruled” the answer in Abatement and, at the request of the defendant, made the following order:
“Being of the opinion that the interlocutory order made by me in the above entitled case, in overruling the Answer in Abatement ought to be reviewed by the Appellate Division before any further proceedings in the trial court, I order the defendant to file a draft report thereon within ten days, and that all further proceedings except such as are necessary to preserve the rights of the parties be stayed.”
For the purposes of the hearing on the Answer in Abatement, it was agreed “that the defendant maintained street car rails over which it operated its street cars for the purpose of carrying on its business as a common carrier of passengers for hire on one line in the Town of Milton, *336 Judicial District of East Norfolk, that it maintained structures in the nature of shelters at four stopping places for the purpose of allowing passengers to board and alight ■from street cars; that its operators collected fares at said four stopping places, but that the defendant Company did not have any other buildings, offices, carhouses or powerhouses or any other business in the said Judicial District of East Norfolk or in any Judicial District adjoining the Judicial District of East Norfolk in the County of Norfolk, Massachusetts.”
1. The question raised by the record is, primarily, whether the court was warranted in overruling (denying) the Answer in Abatement. Stated another way, does the maintenance of street cars, rails and shelters, the operation of street cars, allowing passengers to board and alight from the cars, and the collection of fares, constitute a place of business in a community in the absence of having other buildings, offices, carhouses, powerhouses or any other business therein?
“ ‘Business’ is a word of large signification”, Goddard vs. Chaffee, 2 Allen 395; “the words, ‘usual place of business’, apart from special circumstances throwing light upon their meaning, may be given a comprehensive meaning”, Hanley vs. Eastern Steamship Corp., 211 Mass. 125 at 132. We think in the instant case the circumstances came within the description of a “place of business”. Palmer et al. vs. Kelleher, 111 Mass. 320, is distinguishable, we believe. Hence, we are of the opinion that the Answer in Abatement was properly denied on the statements of the record.
2. Also, we are of the opinion that the court should not have allowed the Motion to expunge its answer and to file an Answer in Abatement.
Undoubtedly, if the defendant, in the beginning, had appeared specially and filed a Motion to Dismiss, Page et al vs. *337 Sinclair, 237 Mass. 482, if, in fact it had no place of business in the Judicial District of the District Court of East Norfolk, the Motion would have had to be allowed.
Admittedly, this action arose out of the operation of a motor vehicle. Kennedy vs. Consolidated Motor Lines, Inc., Mass. Adv’d Sheets (1942) 1231, and cases cited at page 1234. But it was brought in a District Court. District Courts have original jurisdiction of this class of cases. General Laws (Ter. Ed.) Ch. 218, Sec. 19. If the action was not brought in the proper District Court, the defendant should have raised the question before it submitted to the jurisdiction of this court. We think .it is a question, then, of venue, and not of jurisdiction. Paige et al. vs. Sinclair, 237 Mass. 482 supra.
Venue can be waived. Couto vs. Trustees of New York, New Haven and Hartford Railroad Co., Mass. Adv’d Sheets (1942) 1153, and cases cited at page 1154; Paige et al vs. Sinclair, supra, and cases cited.
“A plea that the action is brought in the wrong county or wrong district is commonly matter of abatement and does not go to the jurisdiction of the Court.” Paige et al. vs. Sinclair, supra, in which case Chief Justice Rugg gives a concise statement of the distinction between jurisdiction and venue. We think the statute there involved (Gen. Laws, Ch. 223, Sec. 7) raised the same question as here, and that by the general answer, not to say the filing of interrogatories, the defendant, as in Paige et al vs. Sinclair, “waived any objection which (it) might have raised as to the faulty venue of the action”, if such there was.
The Motion should not have been allowed.
See Universal Supply Co. vs. Hildreth, 287 Mass. 538 at pages 540 and 541.
The order is Report Dismissed.