OTTO S. LYON *vs.* HOWARD D. SHARPE & others.

Suffolk.    October 4, 1944. — November 30, 1944.

Present: FIELD, C.J., LUMMUS, QUA, RONAN, & SPALDING, JJ.

*Equity Jurisdiction*, Trespass. *Equity Pleading and Practice*, Plea. *Probate Court*, Jurisdiction.

A Probate Court had no jurisdiction of a proceeding to prevent a trespass upon real estate and interference with personalty thereon if such proceeding had no relation to any decedent's estate or other special subject placed within its jurisdiction by statute; and a suit in equity of the same nature in the Superior Court between the parties to such proceeding in the Probate Court and other parties should not be abated because of the pendency of such proceeding in the Probate Court.

BILL IN EQUITY, filed in the Superior Court on January 3, 1944.

The suit was heard by *Hammond*, J., on a plea in abatement.

*A. M. MacNeil*, for the plaintiff.

No argument nor brief for the defendants.

QUA, J.    This bill in equity was brought in the Superior Court by Otto S. Lyon against five defendants, among whom was Marjorie S. Lyon.    Disregarding immaterial allegations, the gist of the bill is that the plaintiff is the owner of real estate in Belmont and of personal property thereon; that all of the defendants have forcibly entered upon the premises in violation of the plaintiff's rights and intend to damage the real estate and wrongfully to damage and remove personal property therefrom, to the irreparable injury of the plaintiff; and that the plaintiff has no adequate remedy at law.    The prayers are for the establishment of the plaintiff's rights in the personal property, for injunctive relief, and for damages.    Without passing upon aspects of this bill not involved in the present appeal, essentially the bill is one to restrain all the defendants from a continuing trespass with anticipated irreparable injury to

the plaintiff. It is a type of bill within the general equity jurisdiction of the Superior Court. G. L. (Ter. Ed.) c. 214, § 1. See *Lynch* v. *Union Institution for Savings*, 159 Mass. 306, 308; *Ferrone* v. *Rossi*, 311 Mass. 591, 593; Am. Law Inst. Restatement: Torts, § 158, comment l.

To this bill all the defendants pleaded in abatement that when this suit was brought a suit in equity was already pending "on the same cause of action" between the present plaintiff (apparently as a defendant) and the present defendant Marjorie S. Lyon in the Probate Court of Middlesex County; that the present plaintiff had appeared in that court and had moved to dismiss for lack of jurisdiction and had filed an answer; that a hearing on his motion to dismiss had been held; and that his motion had been denied by the court. The plea further stated that the Probate Court had enjoined the present plaintiff against interfering with Marjorie S. Lyon's possession of all property described in the plaintiff's bill, and that that court had jurisdiction over the subject matter of this suit and over all the parties "alleged to be joined" with the defendant Marjorie S. Lyon. On this plea were indorsed the words, "After hearing allowed by the court." On the same day an interlocutory decree sustaining the plea and a final decree dismissing the bill were entered. The plaintiff appeals.

Although the indorsement on the plea that it was "allowed" would be appropriate if the hearing had been only as to the legal sufficiency of the plea and not as to its truth, yet the entry of an interlocutory decree sustaining the plea and of a final decree dismissing the bill leads to the conclusion that the plea was fully heard upon the facts. *Moran* v. *Manning*, 306 Mass. 404, 408, and cases cited. See *Cohn* v. *Cohn*, 310 Mass. 126, 127–128. Precisely what those facts were we do not know, since the judge made no express findings and the evidence is not reported. Nevertheless, it is apparent that the plea is bad in substance, and that no evidence that could have been produced under it would have disclosed a defence to this bill. The Probate Court had no jurisdiction of the subject matter upon which this suit is founded. That court is not a court of general

equity jurisdiction. It had no power to entertain any suit dealing with continuing trespass or with the right to possession of property and having no relation to the estate of a deceased person or to any of the special subjects in relation to which jurisdiction has been conferred upon that court by statute. See G. L. (Ter. Ed.) c. 215, § 3; § 6, as last amended by St. 1939, c. 194, § 2; *Derby* v. *Derby,* 248 Mass. 310, 313–314; *Black* v. *Abercrombie,* 267 Mass. 316; *Russell* v. *Shapleigh,* 275 Mass. 15; *Geen* v. *Old Colony Trust Co.* 294 Mass. 601, 604; *Wellesley College* v. *Attorney General,* 313 Mass. 722, 726. It was impossible that there could be pending in the Probate Court any suit the pendency of which would be a sufficient reason for abating this suit in the Superior Court.

Some statements contained in the bill not relevant to the cause of action set forth therein and some argument contained in the plaintiff's brief lead us to suspect that the supposed ground of jurisdiction in the Probate Court was that there was pending therein a libel for divorce by Marjorie S. Lyon, one of the defendants in this suit in equity, against her husband, who is not a party to this suit, and that in connection with the divorce libel Marjorie S. Lyon had filed a petition to enjoin the present plaintiff from interfering with her obtaining possession of the Belmont property, of which her husband had been a tenant while they were living together. The only ground which occurs to us on which it could possibly be thought that the Probate Court had jurisdiction of any such petition would be under G. L. (Ter. Ed.) c. 208, § 33, as appearing in St. 1936, c. 221. That statute provides that in divorce proceedings "the court shall have jurisdiction in equity of all causes cognizable under the general principles of equity jurisprudence, arising between husband and wife . . ."; but it seems obvious that this statute could not draw into the Probate Court a controversy like the present one, the substance of which is not between husband and wife but is between a third person (the present plaintiff) and five defendants of whom the wife is only one. See *MacLennan* v. *MacLennan,* 311 Mass. 709.

                                        *Decrees reversed.*