CONSTANCE B. SEBASTIAN *vs.* FRANCIS X. CARROLL.

Suffolk. December 5, 1967. — January 3, 1968.

Present: WILKINS, C.J., WHITTEMORE, KIRK, SPIEGEL, & REARDON, JJ.

*Superior Court,* Jurisdiction. *Probate Court,* Jurisdiction. *Equity Jurisdiction,* Suit removed from Probate Court to Superior Court, Constructive trust. *Equity Pleading and Practice,* Waiver, Venue. *Waiver.*

A proceeding in equity in a Probate Court to establish a constructive trust other than those mentioned in the second paragraph of G. L. c. 215, § 6, as amended by St. 1963, c. 820, was within the general equity jurisdiction conferred on the Probate Court by the first paragraph of amended § 6 and was removable to the Superior Court under the first paragraph. [467–468]

The provision in the first paragraph of G. L. c. 215, § 6, as amended by St. 1963, c. 820, that a removal of a proceeding in equity in a Probate Court to the Superior Court shall be to the Superior Court in the same county relates to a mere matter of venue and can be waived; and it was waived where, upon removal of such a proceeding by the defendant to the Superior Court in a county other than that in which the proceeding was commenced, the plaintiff proceeded to trial on the merits in the Superior Court without raising such question of venue. [468]

PETITION in equity filed in the Probate Court for the county of Plymouth on September 2, 1966.

---

Upon removal of the case to the Superior Court it was heard by *Mitchell*, J.

*Ira L. Lipman* for Constance B. Sebastian.

*Louis Barsky* for Francis X. Carroll.

WILKINS, C.J.   This bill in equity to establish a constructive trust in certain land in Pembroke in Plymouth County was first brought in the Probate Court, Plymouth County, on September 2, 1966.   The defendant entered his appearance and on September 12, 1966, filed a notice of removal to the Superior Court, Suffolk County, and on that date the case was accordingly transferred.   In the Superior Court the case was consolidated for trial with two other related cases in which the defendant here was the plaintiff. After hearing, a judge in the Superior Court entered a final decree dismissing the bill.   The plaintiff appealed.

The plaintiff's main contention before us is that the Superior Court lacked jurisdiction, and that the case should be remanded to the Probate Court for a new hearing.

By St. 1963, c. 820, entitled, "An Act providing that probate courts shall be courts of general equity jurisdiction," § 6 of G. L. c. 215 was amended.   The principal change was the addition of a first paragraph, which in material part provides: "Probate courts shall have original and concurrent jurisdiction in equity with the supreme judicial and superior courts of all cases and matters of equity cognizable under the general principles of equity jurisprudence and, with reference thereto, shall be courts of general equity jurisdiction . . . ; provided, however, that in proceedings of which probate courts have jurisdiction in equity solely by reason of the provisions of this paragraph a petitioner, respondent or intervener may, after proper service has been made, within seven days after the return day of the initial citation, remove the case to the superior court.   The removing party shall first pay the register of probate an entry fee equal to that for an original entry in the superior court and shall file with the register a notice of removal and an affidavit setting forth the names and addresses of all other parties to the suit and of their attorneys.

The register shall forthwith transmit all papers in the case and said entry fee to the clerk of the superior court for the county in which the suit was originally commenced, and shall notify in writing all parties and their attorneys of the transfer. Thereafter the case shall proceed as if originally entered in the superior court . . ." with exceptions of no present pertinence.

The second paragraph of the amended § 6 is the same as before the amendment except for adding the word "also" (in supplied italics) in the quotation below. In relevant part, the second paragraph reads: "Probate courts shall *also* have jurisdiction in equity . . . of all cases and matters relative to the administration of the estates of deceased persons, to wills, . . . to trusts created by will or other written instrument and, in cases involving in any way the estate of a deceased person or the property of an absentee whereof a receiver has been appointed under chapter two hundred or the property of a person under guardianship or conservatorship, to trusts created by parol or constructive or resulting trusts."

This court has strictly construed statutory provisions extending the equity jurisdiction of the Probate Courts. See *Derby* v. *Derby*, 248 Mass. 310, 314; *Wellesley College* v. *Attorney Gen.* 313 Mass. 722, 725–726; *Lyon* v. *Sharpe*, 317 Mass. 283, 285; *White* v. *White*, 322 Mass. 461, 465. See also Third Report of the Judicial Council (1927), Pub. Doc. No. 144, p. 67.

The plaintiff contends that her cause of action falls within "the historical equity jurisdiction of the Probate Court" now repeated in the second paragraph of § 6, and so cannot be removed under the first paragraph. This contention is based upon misinterpretation of the reference to constructive trusts in the second paragraph. The context makes clear that before the enactment of St. 1963, c. 820, the Probate Courts did not share concurrent jurisdiction with the Superior Court as to all constructive trusts. The case was within the jurisdiction of the Probate Court solely under the new general equity jurisdiction conferred by the

first paragraph of § 6, and hence was properly removable to the Superior Court.

The Superior Court had general jurisdiction of the subject matter. The reference in the first paragraph of § 6 to removal to the Superior Court for the same county in which the suit was originally commenced was at most a matter of venue and could be waived. *Brown* v. *Webber,* 6 Cush. 560, 564. *Dole* v. *Boutwell,* 1 Allen, 286, 287. *Hazard* v. *Wason,* 152 Mass. 268, 270–271. *Paige* v. *Sinclair,* 237 Mass. 482, 484. Actually it was waived in the case at bar. The plaintiff did not raise this question in the Superior Court. Apart from an objection to the consolidation of cases she objected to nothing. The defendant's demurrer was overruled. The plaintiff moved for jury issues and allowed the case to proceed to hearing and decision. After the judge's full findings and adverse ruling, the plaintiff in this court has made no suggestion of error on the merits. There is no reason in the proper administration of justice why she should have another hearing.

*Decree affirmed.*