Leo TIGHE
vs.
David RIVERA[1]

No. 8596

District Court Department
Appellate Division, Northern District
Trial Court of the
Commonwealth of Massachusetts

February 10, 1981

[1]And eight related cases: Stephen Esdale v. Winston Sullivan, 2661 of 1976, A. D. No. 8597; General Accident Group v. Harbor Cafe, Inc., 2699 of 1976, A. D. No. 8598; Herman Gibbons v. Debra Ann Medeiros and Donna Soares; 2757 of 1976, A. D. No. 8599; General Accident Group v. Charles Wilbur, d/b/a Auto Wholesale, 2762 of 1976, A. D. No. 8600; Margaret J. Scully v. Russell B. Ward, 2976 of 1977, A. D. No. 8601; Manuel DaCosta v. Ronald Rudsen, 2982 of 1977, A. D. No. 8602; Joseph Palombo v. Gregory Ross, 2983 of 1977, A. D. No. 8603; William Ellis v. John Alexander, 3029 of 1977, A.D. No. 8604.

Andrew J. Palmer for the plaintiff.
Leo Tighe, Pro Se, for the defendant.

Present: Cowdrey, P.J., Flynn* & Feloney, JJ.

## OPINION

COWDREY, P.J. This is an action in tort for property damages. The sole question posited for review is the propriety of the trial court's sua sponte dismissal of the plaintiff's complaint on the grounds of improper venue.[2]

The report and docket entries indicate the following: Upon the defendant's failure to answer the plaintiff's complaint, the plaintiff filed a Dist./Mun. Cts. R. Civ. P. 55(a) motion for a default. A default was subsequently entered against the defendant. A hearing for the assessment of damages and for the entry of a default judgment was thereafter held pursuant to a Rule 55(b)(2) motion filed by the plaintiff. The defendant did not appear at the hearing, and the matter was taken under advisement by the trial justice.

The case was eventually dismissed sua sponte by the trial court, and costs were awarded to the absent defendant. The apparent basis of the court's dismissal order was a G.L. c. 223 question of improper venue.

1. A charge of improper venue is generally an affirmative defense that is deemed waived if not seasonably pleaded or otherwise raised. Dist./Mun. Cts. R. Civ. P. 12(h); **Sebastian v. Carroll, 353 Mass. 465, 468 (1968); Universal Supply Co. v. Hildreth, 287 Mass. 538, 541 (1934); Maker v. Bouthier, 242 Mass. 20, 24 (1922).** Unlike jurisdiction, venue is essentially a procedural matter which in no way affects or challenges the inherent authority of a district court forum to entertain and to dispose of the matter in controversy. **Paige v. Sinclair, 237 Mass. 482, 483-484 (1921); Hazard v. Wason, 152 Mass. 268, 270 (1890).** It is obvious that any defect in venue inherent in the case sub judice must be deemed to have been waived in view of the default and continued absence of the defendant. In consequence of such waiver, the trial court herein was expressly empowered by virtue of G.L. c. 218, sec. 2A to adjudge the plaintiff's claim. See, in general, **Paige v. Sinclair, supra, at 483-484.**

2. Given the essence of venue as a waivable defense, we find no permissible basis for the trial court's sua sponte dismissal order herein.[3] A district court's authority to remedy a defect in venue is limited to the

---

*The Honorable Maurice R. Flynn, Jr. participated in the hearing and post-hearing conference on this case, but passed away prior to the promulgation of this Opinion.

[2] The appellate issue and the procedural histories of Appellate Division Nos. 8596–8604 are identical. Counsel for the plaintiff is the same in each action. All nine reports are herein treated, therefore, in the aggregate as one case.

[3] We of course sympathize with any trial court's good faith endeavors to terminate what in some instances is perceived as a pattern of continual venue violations or "distant forum abuse" by certain parties who consistently select an inconvenient trial court with the intent of precipitating defaults and thus securing easily won judgments. Such conduct, where it does exist, violates standards of good practice and is in flagrant opposition to the principles of fairness and sound judicial administration which underlie the concept of venue. See, Schubach v. Household Finance Corp., 1978 Mass. Adv. Sh. 1153.

provisions of G.L. c. 218, sec. 2A and Dist./Mun. Cts. R. Civ. P. 12(b). Both statute and Rule render a motion by the defendant or other party a prerequisite to the court's transfer of the action to a court of proper venue or to the court's dismissal of the action. It may be noted that prior to its 1973 amendment, G.L. c. 223, sec. 15 did permit the Supreme Judicial and Superior Courts only to order a nonsuit, upon the Court's own motion, in any civil action instituted in the wrong county. Said statute was never made applicable to the District Court Department. Moreover, St. 1973, c. 1114, secs. 85 and 351 conformed G.L. c. 223, sec. 15 to the Massachusetts Rules of Civil and Appellate Procedure. An error in venue may now be corrected under this statute in the Supreme Judicial and Superior Courts solely by a transfer of the action upon motion of either party. Assuming arguendo that former G.L. c. 223, sec. 15 had applied to the district courts, the 1973 amendment of said statute would indicate a conclusive legislative proscription of the **sua sponte** dismissal order entered by the trial court herein.

The trial court's order of dismissal is hereby vacated. This case is remanded for an assessment of damages and for the entry of a default judgment against the defendant pursuant to Dist./Mun. Cts. R. Civ. P. 55.

Cowdrey, P.J.
Feloney, J.