Donohue, J.
The Plaintiff Citizens Bank (“Bank”) commenced this action to recover payments due under a finance lease entered into by James Damalouji, M.D. & Associates (“Damalouji”) with the Bank’s predecessor in interest, UST Leasing Corporation. Subsequent to executing this finance lease, Damalouji allegedly assigned his rights and liabilities under the lease to the Defendant, West Shore Surgical Associates, LLC (“West Shore”). The Bank’s claim for breach of contract asserts that West Shore has defaulted on payments due under the finance lease. This matter is before the court on West Shore’s Motion to Dismiss for lack of personal jurisdiction. For the reasons set forth below, West Shore’s Motion to Dismiss is denied.
When presented with a motion to dismiss, the court must accept as true all of the allegations set forth in the complaint as well as all reasonable inferences that may be drawn from the complaint that are favorable to the non-moving party. See Spinner v. Nutt, 417 Mass. 549, 550 (1994); Logotheti v. Gordon, 414 Mass. 308, 310 (1993); Harhen v. Brown, 46 Mass.App.Ct. 793, 795 (1999). Thus, the court assumes that a proper assignment took place between Damalouji and West Shore. Through this assignment, West Shore is a party to the finance lease with the Bank.
Under their finance lease, the parties “AGREE NOT TO CONTEST VENUE IN BOSTON, MA . .. This Lease and all transactions herewith shall be governed by the internal laws of The Commonwealth of Massachusetts without reference to the Choice of Laws Provisions *515 thereof.” West Shore argues that this provision governs only venue as the term “jurisdiction” is not included. Jurisdiction “concerns and defines the power of judicatories and courts” while venue “relates to and defines the particular couniy or territorial area within the state or district in which the cause of prosecution must be brought or tried.” Paige v. Sinclair, 237 Mass. 482, 484 (1921). Thus, only after jurisdiction has been determined can venue be ascertained. See Paige, 237 Mass. at 484. In this case, venue is established by a provision in the finance lease. This provision, therefore, also determines jurisdiction because venue can only be established once jurisdiction is clear.
The parties in Graphics Leasing Corp. v. The Y Weekly used language in their lease agreement similar to that used by the parties in this case. 1991 WL 154794 *1 (Mass.App.Div. 1991). That clause provided,
This Agreement shall be considered to be a Massachusetts contract and shall be deemed to have been made in Middlesex Couniy, Massachusetts, regardless of the order in which the signature of the parties shall be affixed hereto, and shall be interpreted, and the rights and liabilities of the parties hereto determined, in accordance with the law and in the courts of the Commonwealth.
Id. The court characterized this provision as a forum selection clause and concluded that it permitted Massachusetts to assume jurisdiction over the parties’ contractual dispute. Id. at *1, *5. Therefore, the court impliedly held that the term “jurisdiction” need not be used in the forum selection clause for it to effectively govern jurisdiction. See id. Consequently, the provision in this case governs jurisdiction as well, despite the absence of the term itself. See id.
Accordingly, the provision at issue in the finance lease agreement is a forum selection clause that provides Massachusetts[1] with personal jurisdiction over West Shore, a party to the contract through the assignment by Damalouji.
ORDER
For the foregoing reasons, it is hereby ORDERED that West Shore’s Motion to Dismiss is DENIED.

In its second opposition, the Bank stated that it would agree to transfer the case to Suffolk County upon West Shore’s request because the venue provided for in the forum selection clause is Boston, Massachusetts.