van Gestel, J.
This matter comes before the Court on a motion by the defendants to dismiss the complaint for improper venue pursuant to Mass.RCiv.P. Rule 12(b)(3).
BACKGROUND
The parties agree that for traditional venue purposes the plaintiffs are based in Mansfield, Bristol County, and the defendants are either similarly located or, possibly, one or more of them may be located in Foxborough, Norfolk County. This action involves issues relating to certain real property that is located wholly within the Town of Mansfield, Bristol County.
By Administrative Directive No. 03-1, dated February 12, 2003, the Chief Justice of the Superior Court expanded the venue availability of the Business Litigation Session of the Superior Court to include cases that otherwise would have venue in the counties or judicial districts of Essex, Norfolk or Middlesex. This expansion is on a pilot basis and is limited to cases filed on or after March 3, 2003.
The plaintiffs, taking advantage of Administrative Order No. 03-1, filed this case on April 24, 2003, in the Business Litigation Session. By so doing, the plaintiffs effectively waived their right to have venue in either Bristol or Norfolk counties. The defendants, however, have not only not waived venue as prescribed by statute, they have moved to dismiss alleging improper venue.
DISCUSSION
In responding to this motion, it is important to observe that Administrative Directive No. 03-1 is a product only of the Superior Court. It is not specifically authorized by statute and it does not, as it cannot, change the statutory venue laws of Massachusetts. Similarly, the Business Litigation Session is wholly a creation of the Superior Court and is not statutorily mandated.
The statute that covers this transitory action is G.L.c. 223, Sec. 1. Absent any change affected by Administrative Directive 03-1, the statutory venue for this case, at the selection of the plaintiffs, is probably Bristol County, although possibly Norfolk County.
The process made available by Administrative Directive 03-1 is predicated on the concept of waiver. It has long been the law in Massachusetts that the venue requirements for a transitory action can be waived. Cleveland v. Welsh, 4 Tyng (4 Mass.) 591, 593 (1808). Both parties, however, must waive the statutory venue to be effective. Id. See also Paige v. Sinclair, 237 Mass. 482, 484 (1921).
The preferred method for challenging venue, particularly in the Business Litigation Session, is, as here, by motion pursuant to Mass.R.Civ.P. Rule 12(b)(3).
ORDER
For the foregoing reasons, this matter will be dismissed as a Suffolk County case unless, within 30 days from the date of this Order, the plaintiffs move for a transfer to either Bristol or Norfolk Counties.