van Gestel, Allan, J.
This matter comes before the Court on a motion by the defendants to dismiss the complaint for improper venue pursuant to Mass.R.Civ.P. Rule 12(b)(3). Actually there are two motions: a motion to dismiss, and a motion for leave to file late a motion to dismiss.
No default was requested by the plaintiff although the defendants’ first responsive pleading was not filed until February 2, 2006, 32 days after the first service of process.

BACKGROUND

The parties agree that for traditional venue purposes the plaintiff is a Virginia corporation based in Chantilly, Virginia, and the defendants are entities and an individual either located in Hopkinton, Middle-sex County or Milford, Worcester County and the individual defendant resides in Worcester County. *533 This action involves issues relating to rescission, damages and other relief against the defendants stemming from their failure to provide warranty coverage for certain telecommunications equipment sold by the plaintiff.
By Administrative Directive No. 03-1, dated February 12, 2003, the Chief Justice of the Superior Court expanded the venue availability of the Business Litigation Session of the Superior Court to include cases that otherwise would have venue in the counties or judicial districts of Essex, Norfolk or Middlesex. This expansion remains on a pilot basis and is limited to cases filed on or after March 3, 2003.
The plaintiff, taking advantage of Administrative Order No. 03-1, filed this case on December 23, 2005, in the Business Litigation Session in Suffolk County. By so doing, the plaintiff effectively waived its right to insist upon venue in either of Middlesex or Worcester counties. The defendants, however, have not only not waived venue as prescribed by statute, they have moved to dismiss alleging improper venue.

DISCUSSION

“A defense of improper venue is waived (A) if omitted from a motion in the circumstances described in subdivision (g), or (B) if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(a) to be made as a matter of course.” Mass.R.Civ.P. Rule 12(h)(1). Although they may not have had to do so, the defendants here have sought leave of Court to file their motion to dismiss under Rule 12(b)(3).
As noted above the docket reflects that the defendants filed their answer and counterclaim on February 2, 2006, and filed their two motions relating to the venue issue on February 23, 2006. The Court observes, however, that the defendants’ motions were served on February 2, 2006, presumably pursuant to Superior Court Rule 9A. It was because of the Rule 9A service-then-filing process that the motions did not get filed in the Court until February 23, 2006. Consequently, this Court treats the motions as having been made pursuant to Rule 12(g). Thus, the motions will not be denied as being late, and the defense of improper venue will not be considered waived.
In responding to this motion, it is important to observe that Administrative Directive No. 03-1 is a product only of the Superior Court. It is not specifically authorized by statute and it does not, as it cannot, change the statutory venue laws of Massachusetts. Similarly, the Business Litigation Session is wholly a creation of the Superior Court and is not mandated by statute or any higher court rule.
This is a transitory action. The statute that covers venue for this transitory action is G.L.c. 223, secs. 8(2) & (4). The statutory venue for this case, therefore, is “in any county in which either corporation has a usual place of business” or “in the couniy in which the individual lives or has a usual place of business.” Absent any change affected by Administrative Directive 03-1, the statutory venue for this case, at the selection of the plaintiff, is probably Middlesex County, although possibly Worcester County.
The process made available by Administrative Directive 03-1 is predicated on the concept of waiver. The venue statute, however, remains in place and unaffected. It has long been the law in Massachusetts that the venue requirements for a transitory action can be waived. Cleveland v. Welsh, 4 Tyng (4 Mass.) 591, 593 (1808). Both parties, however, must waive the statutory venue to be effective. Id. See also Paige v. Sinclair, 237 Mass. 482, 484 (1921).
The preferred method for challenging venue, particularly in the Business Litigation Session, is, as here, by motion pursuant to Mass.R.Civ.P. Rule 12(b)(3).

ORDER

For the foregoing reasons, this matter will be dismissed as a Suffolk Couniy case unless, within 30 days from the date of this Order, the plaintiff moves for a transfer to either Middlesex or Worcester Counties.