NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-12

JAMES TISBERT

vs.

NEW ENGLAND MOBILE CRUSHING SERVICES, INC.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant, New England Mobile Crushing Services, Inc. (NEMCS), appeals from an amended judgment after a jury verdict in favor of the plaintiff, James Tisbert, on claims that NEMCS violated the Massachusetts Wage Act and overtime law, G. L. cc. 149 and 151, by failing to pay Tisbert overtime and travel expenses for work that he performed in Massachusetts.  On appeal, NEMCS argues that the Superior Court judge erred or abused his discretion with respect to various pre and posttrial rulings.  We affirm.

Background.  In 2012, NEMCS, a New Hampshire corporation, hired Tisbert, a New Hampshire resident, as an equipment operator.  Tisbert spent most of his time working in Massachusetts at numerous locations.  He also "transported . . . equipment, fuel, hydraulic fluid, oil, [and] grease" to the

Massachusetts job sites and back to New Hampshire at the end of the workday in his personal vehicle. NEMCS provided Tisbert an allowance of fifteen cents per mile for use of his vehicle, which neither covered his expenses nor provided for his overtime. On May 30, 2018, NEMCS terminated Tisbert's employment.

On June 11, 2018, Tisbert filed a three-count complaint in the Superior Court, subsequently filed an amended complaint and, on July 24, 2018, filed a second amended complaint. He brought three counts against NEMCS: (1) violation of the Massachusetts Wage Act and overtime law; (2) breach of contract; and (3) breach of the covenant of good faith and fair dealing. In essence, Tisbert alleged that NEMCS failed to pay him for his actual hours worked or for overtime.[1]

On July 20, 2018, NEMCS filed a motion to dismiss for lack of subject matter and personal jurisdiction and improper venue. After Tisbert filed his second amended complaint, NEMCS filed another motion to dismiss, again raising the issues of personal jurisdiction and venue. A Superior Court judge denied the motions after a hearing. Specifically, he determined that the court had personal jurisdiction and thus denied the motion brought under Mass. R. Civ. P. 12 (b) (2), 365 Mass. 754 (1974),

---

[1] At trial, NEMCS's principal conceded that NEMCS failed to pay the required rate for Tisbert's overtime hours.

2

and further found that NEMCS presented "insufficient argument" to "meet its burden" on the issue of improper venue. The judge stated that he would not reach the issues of forum non conveniens or choice of law, i.e., "whether or not the substantive law of New Hampshire would apply in this case," as those issues were not before him. NEMCS filed a motion to reconsider, and, in a supplemental memorandum to the motion, raised forum non conveniens and choice of law. Thereafter, NEMCS filed another motion to reconsider in which it urged the judge to dismiss on grounds of improper venue, forum non conveniens, and choice of law. On January 3, 2019, the same judge denied these motions. NEMCS also filed a separate motion to dismiss for failure to meet the jurisdictional amount for damages under G. L. c. 212, § 3, which a second judge denied without a hearing.

Prior to trial, NEMCS filed a motion in limine to bar evidence of Tisbert's commuting time in New Hampshire. At the final pretrial conference, in support of its motion, NEMCS again raised the choice of law issue, arguing that the Wage Act and overtime law should not be applied to evidence of Tisbert's commuting time outside of Massachusetts. The judge denied NEMCS's motion, finding that the evidence was admissible for completeness. The judge expressed no view on the choice of law issue, noting that the parties did not cite relevant legal

authority on the matter and asking that they present him with more law in support of their arguments.  As discussed further below, NEMCS failed to do so.

Following a four-day jury trial a jury answered special questions on the various claims, and found that the Wage Act and overtime law required NEMCS to pay Tisbert regular and overtime wages for both his travel time and his nontravel time and awarded $18,148.35 in damages.[2]  On Tisbert's claim for breach of contract, the special verdict slip asked whether Tisbert "prove[d] that there was a valid contract in which [NEMCS] agreed to pay him 28 cents per mile for travel during May 2015 through May 2018."  The jury answered "No."  Finally, on Tisbert's claim for breach of the covenant of good faith and fair dealing, the special verdict slip asked whether Tisbert "prove[d] that he had a valid contract with [NEMCS]," and whether Tisbert "prove[d] that [NEMCS] breached its obligation under the contract to act in good faith and fairly during May 2015 and May 2018?"  The jury answered "Yes" to both questions, but awarded zero damages as to this count.

---

[2] On the Wage Act and overtime law claim, the jury awarded Tisbert zero dollars for travel time inside Massachusetts, $12,375 for travel time inside New Hampshire, $5,171.10 for nontravel overtime inside Massachusetts, and $602.25 for nontravel overtime inside New Hampshire, the total of which is $18,148.35.

4

On July 22, 2022, judgment entered for Tisbert.[3]  On July 28, 2022, NEMCS filed postjudgment motions to amend the judgment and to set aside and enter judgment notwithstanding the verdict, both of which the trial judge denied.  Tisbert then served a petition for fees and costs.  The judge allowed the request in part, but reduced the amount of requested fees by approximately fifty percent.  An amended judgment entered on September 23, 2022.  NEMCS did not file a notice of appeal until October 21, 2022.[4]

Discussion.  1.  <u>Waiver</u>.  As a threshold matter, we note that many of NEMCS's claims on appeal are unsupported by citation to relevant legal authority and unsubstantiated by the record, and therefore do not rise to the level of appellate argument.[5]  "Several of the . . . arguments are bald assertions

---

[3] The judgment calculated single damages of $18,148.35 and multiple damages of $36,296.70.

[4] Tisbert claims that NEMCS's appeal is untimely because, although NEMCS filed a notice of appeal within thirty days of the amended judgment, it did not file within thirty days of the original judgment after the jury verdict.  "No decided Massachusetts case discusses in any detail the circumstances in which entry of an amended judgment adding attorney's fees creates new deadlines for motions and appeals that focus on the underlying relief the amended judgment incorporates."  <u>Ross</u> v. <u>Continental Resources, Inc.</u>, 73 Mass. App. Ct. 497, 507 n.12 (2009).  In the circumstances here, however, the original judgment is reasonably viewed as not final because it incorporated a further order that expressly contemplated the issuance of an amended judgment.  We will therefore address NEMCS's arguments.

[5] Specifically, NEMCS fails to provide support for the arguments concerning venue, the jurisdictional amount required for

5

of error, lacking legal argument and authority, and thus not advanced in a manner which rises to the level of appellate argument."  Zora v. State Ethics Comm'n, 415 Mass. 640, 642 n.3 (1993).  See Mass. R. A. P. 16 (a) (9) (A), as appearing in 481 Mass. 1628 (2019).  Assuming without deciding that NEMCS's various claims are not waived, they are without merit for the reasons discussed below.  See Zora, supra ("[a]s is within our discretion, we address those arguments which warrant discussion").

2.  Motions to dismiss.  NEMCS claims error in the denial of its motions to dismiss and reconsider.  We disagree.

a.  Personal jurisdiction.  NEMCS argues that the Superior Court did not have personal jurisdiction over the case because the parties are both from New Hampshire, Tisbert was hired in and received wages from New Hampshire, and thus a Massachusetts court could not exercise jurisdiction over two nonresidents who did not do business with each other in the Commonwealth.

On a motion to dismiss, the plaintiff must make a prima facie showing of personal jurisdiction over the defendant. Cepeda v. Kass, 62 Mass. App. Ct. 732, 738 (2004).  "[A] claim of personal jurisdiction over a nonresident involves a two-

_____

damages, the admission of evidence of Tisbert's New Hampshire commuting time, and the denial of its motion to set aside and enter judgment notwithstanding the verdict on count three (breach of the covenant of good faith and fair dealing).

6

pronged inquiry: '(1) is the assertion of jurisdiction authorized by statute, and (2) if authorized, is the exercise of jurisdiction under State law consistent with basic due process requirements mandated by the United States Constitution?'" Id. at 736, quoting Good Hope Indus., Inc. v. Ryder Scott Co., 378 Mass. 1, 5-6 (1979). "Due process requires that a nonresident defendant may be subjected to suit in Massachusetts only where there was some minimum contact with the Commonwealth which resulted from an affirmative, intentional act of the defendant, such that it is fair and reasonable to require the defendant to come into the State to defend the action" (quotation and citation omitted). Cepeda, supra.

Here, the Massachusetts long-arm statute applied to NEMCS because it "transact[ed] . . . business in this [C]ommonwealth," G. L. c. 223A, § 3, and Tisbert's "claim . . . [arose] from the transaction of business." Tatro v. Manor Care, Inc., 416 Mass. 763, 767 (1994). Indeed, viewed in its totality, the second amended complaint averred that NEMCS contracted with Tisbert and sent him to work within Massachusetts for the financial benefit of NEMCS during his employment. Regarding the second due process prong, Tisbert's claim demonstrates NEMCS's purposeful availment of commercial activity in Massachusetts and that it was reasonable for NEMCS to anticipate being held accountable for its actions in Massachusetts. See Bulldog Investors Gen.

7

Partnership v. Secretary of the Commonwealth, 457 Mass. 210, 217 (2010). See also Cepeda, 62 Mass. App. Ct. at 738 ("The burden is one of production, not persuasion"). Cf. Droukas v. Divers Training Academy, Inc., 375 Mass. 149, 159 (1978) (out-of-state corporation lacked necessary contacts with Massachusetts to establish jurisdiction where it had not carried out transaction within Commonwealth).

b. Venue. NEMCS also contends that a Massachusetts court was not the proper venue for litigating a matter between two out-of-state residents. A question of venue has "procedural implications totally distinct from jurisdiction . . . and in no way affect[s] the inherent authority of the court" (quotation and citation omitted). Cormier v. Pezrow New England, Inc., 437 Mass. 302, 305 (2002). "Jurisdiction . . . concerns and defines the power of judicatories and courts [while] . . . [v]enue . . . relates to and defines the particular county or territorial area within the State or district in which the cause or prosecution must be brought or tried. It commonly has to do with geographical subdivisions, relates to practice or procedure, may be waived, and does not refer to jurisdiction at all." Paige v. Sinclair, 237 Mass. 482, 483-484 (1921). Here, NEMCS conflates the concepts of venue and jurisdiction. Indeed, it makes no actual argument that venue in the Essex County Superior Court, as a "geographical subdivision[]" of the Commonwealth, id., was

8

improper.  Thus, we need not consider this issue.  See Tedeschi-Freij v. Percy Law Group, P.C., 99 Mass. App. Ct. 772, 781 (2021).  See also Mass. R. A. P. 16 (a) (9) (A) (court need not pass on questions or issues not argued in brief).

c.  Forum non conveniens.  NEMCS further claims that the case should have been dismissed pursuant to the doctrine of forum non conveniens.  "[T]he principle is that where in a broad sense the ends of justice strongly indicate that the controversy may be more suitably tried elsewhere, then jurisdiction should be declined and the parties relegated to relief to be sought in another forum" (citation omitted).  New Amsterdam Cas. Co. v. Estes, 353 Mass. 90, 95 (1967).  A forum non conveniens analysis considers the "administrative burdens caused by litigation that has its origins elsewhere and the desirability of the trial of a case in a forum that is at home with the governing law," and "the practical problems that do or do not make a trial easy, expeditious, and inexpensive" (quotation and citation omitted).  Oxford Global Resources, LLC v. Hernandez, 480 Mass. 462, 474 (2018).  "A decision whether to dismiss an action under the doctrine . . . involves the discretion of the motion judge, cannot be made by applying a universal formula, and depends greatly on the specific facts of the proceeding before the court."  W.R. Grace & Co. v. Hartford Acc. & Indem. Co., 407 Mass. 572, 577 (1990).

9

Although NEMCS contends that New Hampshire might have been a more appropriate forum for this case, we discern no abuse of discretion in the denial of NEMCS's motions to dismiss and reconsider on this ground. The judge was entitled to conclude in his discretion that Tisbert's general right to select the forum in which to assert his claims was not overcome by any "substantial and compelling reasons for concluding that the case should not be tried here." W.R. Grace & Co., 407 Mass. at 583-584. Furthermore, as Tisbert's claims concern Massachusetts law and events that occurred in the Commonwealth, on the record before us we cannot say that a Massachusetts forum was inappropriate. "We, therefore, shall continue our practice . . . of deferring to the discretion of the motion judge. Such a rule is particularly appropriate when a forum non conveniens motion is denied." Id.

d. Jurisdictional amount for damages. NEMCS also contends that the case should have been dismissed because there was no reasonable likelihood that damages would have met the jurisdictional amount required by G. L. c. 212, § 3. The argument is unavailing. In Superior Court, "actions may proceed . . . only if there is no reasonable likelihood that recovery by the plaintiff will be less than or equal to $25,000." G. L. c. 212, § 3. "In determining whether to dismiss the action, the judge should consider the amount reasonably likely to be

10

recovered by the plaintiff and whether that amount is marginally or substantially higher than $25,000." Sperounes v. Farese, 449 Mass. 800, 807 (2007). Although Tisbert alleged in his complaint that he was owed $321,750, well over the requisite amount, NEMCS maintains that his estimate did not constitute a good faith assessment of the amount in controversy. But in his second amended complaint, Tisbert delineated his calculation of this estimate.[6] Taking the facts alleged in the complaint as true pursuant to our review of a motion to dismiss, see Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008), there was a reasonable likelihood that if successful on the claims, Tisbert's damages would have been greater than $25,000. See Sperounes, supra. Thus, NEMCS's claim is unavailing.

2. Evidence of New Hampshire commuting time. We are also unpersuaded by NEMCS's claim that the judge abused his discretion in denying its motion to preclude evidence of Tisbert's New Hampshire commuting time. An evidentiary ruling on a motion in limine is reviewed for abuse of discretion. Commonwealth v. Rosa, 468 Mass. 231, 237 (2014). "The purpose of a motion in limine is to prevent irrelevant, inadmissible or prejudicial matters from being admitted in evidence."

---

[6] In his second amended complaint, Tisbert provided allegations regarding his "most recent pay," his overtime pay rate, and the amount of time worked, and specified the wages to which he was allegedly entitled, but was not paid, by hour, week, and year.

11

Commonwealth v. Lopez, 383 Mass. 497, 500 n.2 (1981). "Trial judges have broad discretion to make discovery and evidentiary rulings conducive to the conduct of a fair and orderly trial" (quotation and citation omitted), Mattoon v. Pittsfield, 56 Mass. App. Ct. 124, 131 (2002), and "we do not interfere with the judge's exercise of discretion in the absence of a showing of prejudicial error resulting from an abuse of discretion." Solimene v. B. Grauel & Co., 399 Mass. 790, 799 (1987).

In the final pretrial conference, the judge indicated that evidence of Tisbert's New Hampshire commuting time was relevant and admissible "for completeness [sic] sake and . . . the flow of the narrative." Insofar as the crux of the present case involved Tisbert's commuting time, the judge acted within his discretion in admitting such evidence. "It has long been held that, in balancing the probative value against the risk of prejudice, the fact that evidence goes to a central issue in the case tips the balance in favor of admission." Commonwealth v. Jaime, 433 Mass. 575, 579 (2001).

3. Choice of law. Essentially, NEMCS contends that the choice of law issue was properly raised in the Superior Court and, therefore, the judge erred by not engaging in the necessary choice of law analysis. The argument is unavailing.

NEMCS argues in particular that the judge should have engaged in a choice of law analysis in ruling on NEMCS's

12

pretrial motion to reconsider the denial of a motion to dismiss,[7] and on its posttrial motion to amend the judgment.  We review the denial of a motion to reconsider and the denial of a motion to amend the judgment for abuse of discretion.  See Blake v. Hometown Am. Communities, Inc., 486 Mass. 268, 278 (2020); Gannett v. Shulman, 74 Mass. App. Ct. 606, 615 (2009).

It is evident that NEMCS attempted to make two different choice of law arguments.  First, it argued that Massachusetts choice of law principles require that the case be heard in New Hampshire because it is the State with the most significant relationship to the case.  Second, NEMCS claimed that Massachusetts substantive law should not be applied in this case because it is contrary to New Hampshire's public policy, as New Hampshire does not impose treble damages and attorney's fees against employers, and because New Hampshire has a greater material interest in the dispute between its residents than Massachusetts.  On appeal, NEMCS commingles these different propositions, and does not present an intelligible choice of law argument.

In any event, the judge was warranted in denying relief on any choice of law claim because NEMCS failed to cite relevant legal authority to support its arguments.  Indeed, in denying

_____

[7] NEMCS did not raise the choice of law issue in its first two motions to dismiss.

13

NEMCS's motion to amend the judgment, the judge stated that "[NEMCS] did not put the Court on notice that [NEMCS] sought it (or the jury) to perform a choice-of-laws analysis. . . . In fact, the defendant has cited no legal authority in the motion." The record supports the judge's determination, and we thus discern no abuse of discretion. See Carey v. New England Organ Bank, 446 Mass. 270, 285 (2006) ("The [party] never put the judge on notice [of the issue] . . . [t]hus, we deem the issue waived").

4. Inconsistent verdicts. NEMCS argues that where the jury found in favor of NEMCS on the breach of contract claim and further found on the special verdict slip that there was no "valid contract in which [NEMCS] agreed to pay [Tisbert] wages for travel time during May 2015 through May 2018," there "can be no breach of the covenant of good faith and fair dealing." This argument is likewise unavailing for several reasons. First, NEMCS cites no relevant legal authority in its brief to support this proposition. See Zora, 415 Mass. at 642 n.3; Mass. R. A. P. 16 (a) (9) (A). Second, NEMCS raised no timely objection to the verdict slip or to the purported inconsistency in the verdict and thus waived this claim for appeal. See Conway v. Planet Fitness Holdings, 101 Mass. App. Ct. 89, 101 (2022) ("[w]here . . . a jury returns a special verdict, an objection that verdicts on several counts are inconsistent with each other

14

must be taken at the time when the verdicts are returned and before they are recorded, so that the trial judge has an opportunity to correct the error if there is one" [citation omitted]).  Third, on the record before us, we discern no inconsistency in the jury's answers to the special questions.  The jury could have determined that Tisbert proved that he had a "valid contract" with NEMCS, while also finding that Tisbert failed to satisfy his burden to prove that there was a valid contract "in which [NEMCS] agreed to pay him wages for travel time during May 2015 through May 2018" (emphasis added).  Finally, even assuming that the verdicts were inconsistent, there was no prejudice to NEMCS where the jury awarded Tisbert zero damages on the breach of the covenant of good faith and fair dealing claim.[8],[9]

---

[8] Asked at oral argument what remedy NEMCS was seeking in view of the jury's award of zero damages on the breach of the covenant of good faith and fair dealing claim, appellate counsel did not specify any remedy or theory of recovery on this claim.

[9] We likewise reject NEMCS's claim that the judge awarded excessive attorney's fees.  We review the judge's award of attorney's fees for an abuse of discretion.  Castricone v. Mical, 74 Mass. App. Ct. 591, 603 (2009).  Here, the record supports the judge's fee award.  See Rex Lumber Co. v. Acton Block Co., Inc., 29 Mass. App. Ct. 510, 522 (1990) (identifying factors to be considered).  As stated above, we note that the judge allowed the fee request in part, but reduced the amount of requested fees by approximately fifty percent.

Conclusion. For the reasons discussed above, we determine that the judge did not err or abuse his discretion regarding the contested pre and posttrial rulings.[10]

Amended judgment affirmed.

By the Court (Wolohojian, Neyman & Shin, JJ.[11]),

Assistant Clerk

Entered:  March 22, 2024.

---

[10] Tisbert has requested an award of his appellate attorney's fees and costs.  We agree that he is entitled to reasonable attorney's fees under the Wage Act and overtime law.  See G. L. c. 149, § 150.  Tisbert shall file a verified and itemized application for such fees and costs within fourteen days of the date of this decision, and NEMCS will have fourteen days thereafter in which to file any opposition to the amounts requested.  See Fabre v. Walton, 441 Mass. 9, 10-11 (2004).

[11] The panelists are listed in order of seniority.