CYNTHIA BLAIR CUSIC *vs.* COMMONWEALTH.

Suffolk. February 5, 1992. - March 19, 1992.

Present: LIACOS, C.J., LYNCH, O'CONNOR, & GREANEY, JJ.

*Practice, Civil*, Report.

In a civil action in which the parties requested the judge to report the case without decision pursuant to G. L. c. 231, § 111, and Mass. R. Civ. P. 64, the presentation did not contain a complete statement of all the material facts as required by § 111; the report was discharged and the case remanded for further proceedings. [293-294]

CIVIL ACTION commenced in the Superior Court Department on January 12, 1990.

A question of law was reported to the Appeals Court by *Hiller B. Zobel*, J. The Supreme Judicial Court transferred the case on its own initiative.

*Leonard H. Kesten* for the plaintiff.

*Luis A. Lavin*, Assistant Attorney General (*David A. Jackson*, Assistant Attorney General, with him) for the Commonwealth.

GREANEY, J. The appendix in this case consists of two relevant documents. The first is the plaintiff's complaint, which seeks damages from the Commonwealth under the Massachusetts Tort Claims Act, G. L. c. 258, for emotional distress allegedly caused by the negligent release by the Commonwealth's Department of Correction of one Donald Adams, who was serving sentences in a State penal institution. The second document is entitled, "The parties Request for Report of Case to Appeals Court." That document reads in full as follows:

"The parties, pursuant to Mass. R. Civ. P. 64, hereby request that the court report the above action to the Appeals Court for a determination of the following question of law:

"Did the Commonwealth of Massachusetts owe a legal duty to the plaintiff so that if a jury finds that the Commonwealth was negligent in releasing Mr. Adams from custody, the plaintiff can maintain a civil action against the Commonwealth for breach of that duty?

"The parties have agreed to the following facts and further agree that these are the only facts necessary for a proper determination of the question of law listed above:

"1. On or about March 30, 1986, Donald Adams entered the plaintiff's home and sexually assaulted her.

"2. At the time that Mr. Adams sexually assaulted the plaintiff, he was on parole.

"3. Subsequent to March 30, 1986, Mr. Adams was arrested and charged with sexually assaulting the plaintiff.

"4. Subsequent to his arrest, Mr. Adams' parole was violated and he was remanded to the custody of the Commissioner of Correction.

"5. On or about October 14, 1987, Mr. Adams pled guilty to charges of rape and armed burglary.

"6. On or about November 9, 1987, Donald Adams was sentenced to a term of no less than twelve years to no more than fifteen years to the custody of the Massachusetts Department of Correction. Such sentence was to run from and after the completion of Mr. Adams' previous sentence.

"7. On or about November 14, 1987, Mr. Adams was mistakenly released from custody even though he was supposed to be serving the sentence which had been imposed on or about November 9, 1987 for the rape of the plaintiff.

"8. The plaintiff suffered emotional distress as a result of Mr. Adams' release."

The document is signed by counsel for both parties.

Based on the complaint and request for report, a judge of the Superior Court "reported the case" to the Appeals Court. We transferred the case to this court on our own motion. We conclude that the report should be discharged.

A Superior Court judge properly may report a case pursuant to G. L. c. 231, § 111 (1990 ed.), and Mass. R. Civ. P. 64, 365 Mass. 831 (1974), in three circumstances: (1) after a verdict by a jury or findings of fact by the judge; (2) in connection with an interlocutory finding or order made by the judge which so affects the merits of the case that interlocutory review by means of a report is appropriate; and (3) where the whole case is reported for determination (without decision by the judge) after a request by the parties and their agreement as to all the material facts.

None of these circumstances exists in this case. There is no verdict or a finding of facts by the judge. Because nothing was before the judge appropriate for a ruling, there is no ruling or order which can form the basis of a report. And, while the parties state that the agreed facts are "the only facts necessary for a proper determination of the question," it is apparent that all the material facts have not been agreed upon. For example, there is no description of the circumstances involved in Adams' release beyond the cryptic statement that he had been "mistakenly released," nothing that indicates whether Adams made any contact with the plaintiff, and no indication that the plaintiff's emotional distress caused her physical injury or harm, a prerequisite to recovery for the negligent infliction of emotional distress. See *Payton* v. *Abbott Labs,* 386 Mass. 540, 555-556 (1982). "By § 111 [of G. L. c. 231] only where 'there is agreement as to all the material facts' can an action at law be reported to this court without decision. Such an 'agreement' must be exclusively a case stated. *Scaccia* v. *Boston Elevated Railway,* 308 Mass. 310 [1941], *S.C.* 317 Mass. 245, 248 [1944]. *Moore* v. *Election Commissioners of Cambridge,* 309 Mass. 303, 305 [1941]. *Members of Bakery & Confectionery Workers International Union* v. *Hall Baking Co.,* 320 Mass. 286, 290 [1946]." *Scott* v. *Manager State Airport, Hanscom Field,*

336 Mass. 372, 373 (1957). The presentation here obviously does not conform to this standard. Rather, the presentation reports an abstract question of law for decision in a case which may involve matters of law and policy of considerable import in connection with the application of G. L. c. 258 and the potential liability of the Commonwealth thereunder for the proper control of prisoners committed to its custody. In this situation, the report must be discharged. See *Heck* v. *Commonwealth*, 397 Mass. 336, 339 (1986); *Doe* v. *Doe*, 378 Mass. 202, 203 (1979); *John Hetherington & Sons, Ltd.* v. *William Firth Co.*, 212 Mass. 257, 259 (1912). See also *Shabshelowitz* v. *Fall River Gas Co.*, *ante* 259, 260-262 (1992).

The report is discharged and the case remanded to the Superior Court for further proceedings.

*So ordered.*