OLGA CEPEDA, individually and as administratrix,[1] vs. DAVID
M. KASS.

No. 02-P-791.

Bristol. September 5, 2003. - December 30, 2004.

Present: GELINAS, GREEN, & TRAINOR, JJ.

*Jurisdiction,* Personal, Nonresident. *Practice, Civil,* Burden of proof, Motion
to dismiss. *Due Process of Law,* Jurisdiction over nonresident. *Evidence,*
Prima facie evidence.

This court, in determining the appropriate standard for a trial court to apply in
considering a motion to dismiss for lack of personal jurisdiction where all
material jurisdictional facts are disputed, concluded that a plaintiff's prima
facie showing of facts sufficient to establish personal jurisdiction pursuant
to the Massachusetts long-arm statute and due process requirements is usu-
ally sufficient to survive the motion to dismiss, and the defendant's
controverting those facts does not overcome the prima facie showing, but
postpones the final determination of them until the trial on the merits;
further, this court concluded that it is not necessary for the trial court to
conduct an evidentiary hearing on the motion to dismiss simply because
the facts proffered by the plaintiff are disputed by the defendant, so long as
the defendant receives a final determination of personal jurisdiction,
whether prior to or at the trial on the merits, pursuant to a preponderance
of evidence standard. [736-740]

CIVIL ACTION commenced in the Superior Court Department on
October 16, 2000.

Motions to dismiss and for reconsideration were heard by
*Elizabeth M. Fahey,* J., and questions of law were reported by
her.

*Robert C. Zaffrann* for the plaintiff.

*William F. White* for the defendant.

TRAINOR, J. In this negligence case, the defendant[2] made a

---

[1]Of the estate of Silverio Gonzalez.

[2]There are additional defendants who did not make a similar motion and are
not parties to this appeal.

motion to dismiss for lack of personal jurisdiction pursuant to Mass.R.Civ.P. 12(b)(2), 365 Mass. 755 (1974). In allowing the defendant's motion to dismiss, the judge found that "there are insufficient uncontroverted facts in this jurisdictional record on which to base personal jurisdiction." After denying the plaintiff's motion for reconsideration, which contended that the judge should have held an evidentiary hearing, or in the alternative, should have taken as true all disputed facts in deciding the motion to dismiss, the judge reported two questions pursuant to G. L. c. 231, § 111, and Mass.R.Civ.P. 64(a), as amended, 423 Mass. 1403 (1996).

The reported questions are:

> "(1) In considering a motion to dismiss for lack of jurisdiction over the person, what is the appropriate standard for a trial court to apply in evaluating the record of material jurisdictional facts contained in the affidavits, sworn deposition testimony, and discovery materials presented by the parties where all those facts are disputed?

> "(2) Should the trial court hold an evidentiary hearing and make findings of fact as to the relative credibility of the evidence presented by each party for the limited purpose of determining personal jurisdiction when all material jurisdictional facts contained in the affidavits, sworn deposition testimony, and discovery materials are disputed?[3]"

*Background.* The complaint alleges the following facts. From June, 1997, until the time of his death in May, 1998, Silverio

---

[3] "A Superior Court judge properly may report a case pursuant to G. L. c. 231, § 111 (1990 ed.), and Mass.R.Civ.P. 64, 365 Mass. 831 (1974), in three circumstances: (1) after a verdict by a jury or findings of fact by the judge; (2) in connection with an interlocutory finding or order made by the judge which so affects the merits of the case that interlocutory review by means of a report is appropriate; and (3) where the whole case is reported for determination (without decision by the judge) after a request by the parties and their agreement as to all the material facts." *Cusic* v. *Commonwealth*, 412 Mass. 291, 293 (1992).

Because there are multiple defendants in this action, the allowance of the motion to dismiss as to Dr. Kass is not dispositive of the entire case. Therefore, the decision on the motion to dismiss is interlocutory, and the case is properly before us on report under the second circumstance identified in *Cusic, supra.*

Gonzalez was under the care of and was a resident at the Judge Rotenberg Educational Center (JREC) in Canton. Gonzalez was sixteen years of age during his stay at the JREC and suffered from various psychiatric, mental health, behavioral, and neurological disorders. Specifically, he had been diagnosed as a paranoid schizophrenic with acute exacerbation, and he was mildly to moderately mentally retarded. Additionally, he suffered from attention deficit hyperactivity disorder and Tourette's Disorder. When he entered the JREC, he had been prescribed and was taking various antipsychotic drugs to control his behavior. After he entered the JREC, these medications were reduced and finally eliminated. He died of head injuries sustained as a result of his having jumped from a moving school bus on Interstate Route 95 in May of 1998. Olga Cepeda, his mother and the plaintiff, brought an action against several employees of the JREC, two physicians, and one psychologist alleging negligence in the care and treatment of her son. The plaintiff's claims arise from the decision of health care providers to wean her son from behavior modification medication and the medical care and supervision both before and after the making of that decision.

Counts XI and XII of the complaint allege negligence, gross negligence, and reckless disregard on the part of the defendant, David M. Kass, M.D. (Dr. Kass). Dr. Kass is a psychiatrist who resides and is licensed to practice medicine in the State of Rhode Island. Dr. Kass moved to dismiss the complaint for lack of personal jurisdiction pursuant to Mass.R.Civ.P. 12(b)(2), 365 Mass. 755 (1974), and supported the motion with an affidavit. The judge allowed discovery on the jurisdictional facts pursuant to the plaintiff's opposition. See *Heins* v. *Wilhelm Loh Wetzlar Optical Mach. GmbH & Co. KG*, 26 Mass. App. Ct. 14, 15 (1988). The plaintiff took depositions of Dr. Kass, Doris Baron, Robert Worsham, and Matthew Israel.[4] The plaintiff also received answers to interrogatories and certain documents from Baron[5] and the JREC. Dr. Kass filed an affidavit regarding his relationship to the JREC.

As a result of the discovery process, the plaintiff submitted

---

[4]The last three named individuals are employees at the JREC.

[5]A nurse at the JREC.

considerable evidence of Dr. Kass's connection to the JREC and, specifically, of his treatment of Gonzalez. The plaintiff alleged that Dr. Kass continued his relationship, as attending psychiatrist, with the JREC (formerly the Behavior Research Institute) when it moved from Rhode Island to Massachusetts; that Dr. Kass acted as attending psychiatrist for any JREC resident who entered the program having been prescribed behavior modifying medications; that to assist with the implementation of the JREC's antimedication philosophy, Dr. Kass would examine new residents, order the discontinuation of any psychiatric medications, and monitor and supervise the weaning of these residents from their medications; that Dr. Kass also authorized, when appropriate, electric shock treatment and other "Level III" aversive therapy for JREC residents; and that when court approval was required, Dr. Kass would testify in the Bristol Probate Court on behalf of the JREC.

The plaintiff further provided evidence that the JREC nursing staff would notify Dr. Kass by telephone whenever a new resident who was being prescribed behavior modifying medications entered the program. Dr. Kass would examine such new residents at his Rhode Island office and maintained a standing appointment time every Friday morning at his Rhode Island office for this purpose. The plaintiff provided evidence that Dr. Kass was the attending psychiatrist for at least one hundred such JREC residents in the five years since the JREC moved to Massachusetts. The JREC estimated that between August, 1998, and March, 2000, Dr. Kass was the attending psychiatrist for at least sixty residents.

The motion judge, however, allowed Dr. Kass's motion to dismiss, stating that because Dr. Kass had disputed all facts material to the issue of jurisdiction, there were no uncontroverted facts on which to base a finding of jurisdiction. Relying on two decisions of this court,[6] the motion judge stated that she could accept as true only uncontroverted facts, and that the uncontroverted facts must be sufficient to withstand due process scrutiny and must satisfy at least one of the Massachusetts long-

---

[6] *C.H. Babb Co., Inc.* v. *A.M. Mfg. Co.*, 14 Mass. App. Ct. 291, 293 (1982). *Heins* v. *Withelm Loh Wetzlar Optical Mach. GmbH & Co. KG.*, 26 Mass. App. Ct. 14, 15 (1988).

arm statutory prerequisites. *C.H. Babb Co.* v. *A.M. Mfg. Co.*, 14 Mass. App. Ct. 291, 293 (1982). Ultimately, the motion judge determined that there were insufficient undisputed facts upon which to base a determination of personal jurisdiction.

*Discussion.* The plaintiff always bears the burden of establishing sufficient facts on which to predicate jurisdiction over a defendant when facing a motion to dismiss under Mass.R.Civ.P. 12(b)(2). *Droukas* v. *Divers Training Academy, Inc.*, 375 Mass. 149, 151 (1978). See *Williams* v. *Episcopal Diocese of Mass.*, 436 Mass. 574, 577 n.2 (2002). The allocation of this burden, however, does not define the quantum of proof necessary to meet it. In the present case, the facts material to the question of personal jurisdiction have been controverted by the defendant. We are faced with the question what quantum of evidence is necessary to establish jurisdiction and what standard of proof should be used in determining the evidentiary burden when the defendant controverts the plaintiff's factual contentions. This question appears to be one of first impression so far as Mass.R. Civ.P. 12(b)(2) is concerned. See *Fern* v. *Immergut*, 55 Mass. App. Ct. 577, 580 n.7 (2002). It is appropriate, therefore, to turn for guidance to cases decided under the parallel Federal rule, Fed.R.Civ.P. 12(b)(2). See *Berman* v. *Linnane*, 434 Mass. 301, 304 n.5 (2001).

Generally, a claim of personal jurisdiction over a nonresident involves a two-pronged inquiry: "(1) is the assertion of jurisdiction authorized by statute, and (2) if authorized, is the exercise of jurisdiction under State law consistent with basic due process requirements mandated by the United States Constitution? Jurisdiction is permissible only when both questions draw affirmative responses." *Good Hope Indus., Inc.* v. *Ryder Scott Co.*, 378 Mass. 1, 5-6 (1979). Due process requires that a nonresident defendant may be subjected to suit in Massachusetts only where "there was some minimum contact with the Commonwealth which resulted from an affirmative, intentional act of the defendant, such that it is fair and reasonable to require the defendant to come into the State to defend the action" *Id.* at 7. A plaintiff has the burden of establishing the facts upon which personal jurisdiction over a defendant is to

be predicated when confronted with a rule 12(b)(2) motion.

The Federal courts, and the courts of the Commonwealth, are afforded considerable procedural leeway in determining proof of the factual basis for the "minimum contact" requirement necessary to satisfy the "fair and reasonable" due process standard. A review of the Federal cases reveals that the Federal courts do not take any systematic or unanimous approach to this issue. See 5B Wright & Miller, Federal Practice & Procedure § 1351 (2004). The most common approach allows a court to determine a rule 12(b)(2) motion solely on affidavits and other written evidence without conducting an evidentiary hearing. Use of this prima facie standard to determine personal jurisdiction preliminarily reserves the jurisdictional issue, unless waived by the defendant, for final determination at the trial, pursuant to a preponderance of the evidence standard.[7] See *Marine Midland Bank, N.A.* v. *Miller,* 664 F.2d 899, 904 (2d Cir. 1981).

*Prima facie showing.* The most typical method of resolving a motion to dismiss for lack of personal jurisdiction allows the court "to consider only whether the plaintiff has proffered evidence that, if credited, is enough to support findings of all facts essential to personal jurisdiction." *Boit* v. *Gar-Tec Prod., Inc.,* 967 F.2d 671, 675 (1st Cir. 1992). "The prima facie showing of personal jurisdiction must be based on evidence of specific facts set forth in the record" *Id.* at 675.

In evaluating a prima facie showing, the court acts as a data

---

[7]The United States Court of Appeals for the First Circuit has outlined three different acceptable methods of determining a rule 12(b)(2) motion, each utilizing a different evidentiary standard to determine the adequacy of the "showing" required by the plaintiff to survive the defendant's motion to dismiss. In addition to the prima facie and preponderance of the evidence standard, the First Circuit has identified an intermediate evidentiary standard, which allows a "middle course by engaging in some differential factfinding, limited to probable outcomes as opposed to definitive findings of fact, thereby skirting potential preclusionary problems while at the same time enhancing the courts' ability to weed out unfounded claims of jurisdiction . . . . This showing constitutes an assurance that the circumstances justify imposing on a foreign defendant the burdens of trial in a strange forum, but leaves to the time of trial a binding resolution of the factual disputes common to both the jurisdictional issue and the merits of the claim." *Foster-Miller, Inc.* v. *Babcock & Wilcox Canada,* 46 F.3d 138, 146 (1st Cir. 1995). We express no opinion as to the applicability of this standard to Mass.R.Civ.P. 12(b)(2).

collector, not as a fact finder. "In conducting the requisite analysis under the prima facie standard, we take specific facts affirmatively alleged by the plaintiff as true (whether or not disputed) and construe them in the light most congenial to the plaintiff's jurisdictional claim." *Massachusetts Sch. of Law at Andover, Inc.* v. *American Bar Assn.*, 142 F.3d 26, 34 (1st Cir. 1998). The burden is one of production, not one of persuasion. "[P]rima facie evidence . . . [is] evidence which, standing alone and unexplained, maintains the proposition and warrants the conclusion to support which it is introduced." *Thomes* v. *Meyer Store, Inc.*, 268 Mass. 587, 588 (1929). At trial, prima facie evidence retains its legal force until evidence is introduced that would allow the fact finder to reach a contrary conclusion. *Tuttle* v. *McGeeney*, 344 Mass. 200, 206 (1962). At the time that the issue is adjudicated and "evidence is introduced that contradicts the prima facie evidence, . . . the prima facie evidence loses its artificial force and a factual issue arises. . . . In these circumstances, the prima facie evidence is no more significant than any other evidence, but must be weighed equally with all other evidence to determine whether a particular fact has been proved." *Burns* v. *Commonwealth*, 430 Mass. 444, 451 (1999).

The plaintiff must eventually establish jurisdiction by a preponderance of the evidence at an evidentiary hearing or at trial. "But until such a hearing is held, a prima facie showing suffices, notwithstanding any controverting presentation by the moving party, to defeat the motion." *Marine Midland Bank, N.A.* v. *Miller*, 664 F.2d at 904.

*Evidentiary hearing and preponderance of the evidence standard.* The Federal courts, and the courts of the Commonwealth, may conduct an evidentiary hearing on a rule 12(b)(2) motion. A judge, at his discretion, may determine that it would be unfair to require a nonresident defendant to incur the expense and burden of a trial when only a prima facie showing of facts necessary to establish personal jurisdiction has been made. Both the Federal rule and the equivalent Massachusetts rule provide that the motion be "heard and determined before trial . . . unless the court orders that the hearing and determina-

tion thereof be deferred until the trial." Fed.R.Civ.P. 12(d). Mass.R.Civ.P. 12(d),[8] 365 Mass. 756 (1974).

In deciding to "hear and determine" a motion to dismiss before trial, the court considers all relevant evidence proffered by the parties and makes all factual findings necessary for disposition of the motion. "After the parties have proffered their evidence, the court may weigh evidence and make findings about whether plaintiff has made a showing as to each jurisdictional fact. In doing so, it may apply a preponderance-of-the-evidence standard." *Boit* v. *Gar-Tec Prod., Inc.,* 967 F.2d 671, 676 (1st Cir. 1992).[9]

*Conclusion.* The courts of the Commonwealth are afforded the same procedural leeway under Mass.R.Civ.P. 12(b)(2) as Federal courts are afforded under Fed.R.Civ.P. 12(b)(2). Here, the application of a prima facie standard appears adequate and fair preliminarily to determine that the plaintiff's proffered evidence is sufficient to overcome the defendant's motion to dismiss. To answer the reported questions: (1) A prima facie showing of facts sufficient to establish personal jurisdiction pursuant to the Massachusetts long-arm statute and due process requirements is usually sufficient to survive a motion to dismiss. That these facts may be controverted by the defendant does not overcome a prima facie showing, and the final determination of the jurisdictional facts may be postponed until the trial on the merits. (2) A judge, in his discretion, may "hear and determine" a rule 12(b)(2) motion before trial. The judge hearing the mo-

---

[8]If a court applies the prima facie standard and denies the motion to dismiss, the court is effectively ordering that the hearing and determination of the issue of jurisdiction be deferred until the trial because eventually, as previously stated, the plaintiff must establish jurisdiction by a preponderance of the evidence.

[9]According to Federal case law, however, making findings at a pretrial hearing by a preponderance of the evidence standard has the potential of creating serious issues later in the trial or in another forum. This is particularly so when, as here, the facts necessary to determine the merits of the case are similar to or the same as those facts necessary to determine the issue of personal jurisdiction. In such circumstances, application of a preponderance of the evidence standard in a pretrial hearing may give rise to the doctrine of "issue preclusion" or "law of the case" and preclude a party from asserting at trial what has been found to the contrary at the pretrial hearing. In the extreme, this procedure could effectively deprive a party of the right to trial by jury. See *Foster-Miller, Inc.* v. *Babcock & Wilcox Canada,* 46 F.3d at 145-147.

tion must consider all relevant evidence proffered by the parties and make all factual findings necessary for the determination of jurisdictional facts. The judge must then determine whether the plaintiff has met its burden of proof by a preponderance of the evidence. It is not necessary, however, to conduct an evidentiary hearing simply because facts proffered by the plaintiff are disputed by the defendant. A defendant is entitled to a final determination of personal jurisdiction, whether prior to or at the trial on the merits, pursuant to a preponderance of the evidence standard.

We conclude that it was error for the judge to have granted the motion to dismiss solely on the basis that the jurisdictional facts alleged by the plaintiff were controverted by the defendant. The matter is remanded for further proceedings consistent with this opinion.

*So ordered.*