Murtagh, Thomas R., J.
The plaintiff, Trans National Communications International, Inc. (Trans National), filed suit against the defendants alleging, among other things, that the defendants breached their contract for telecommunications services by not paying for services rendered and engaging in a conspiracy to utilize services offered by Trans National with the intention of not paying for those services. The defendants, JWE Enterprises, Inc. (JWE Enterprises), Periodical Services, Inc. (Periodicals), Big Sky Periodicals, Inc. (Big Sky), and Jason Ellsworth (Ellsworth), (collectively “Motion Defendants”), have moved pursuant to Mass.R.Civ.P. 12(b)(2) to dismiss them as defendants for lack of personal jurisdiction. The Motion Defendants contend that they had insufficient contact with Massachusetts to invoke personal jurisdiction over them in the Commonwealth. In addition, the Motion Defendants argue that if they are subject to jurisdiction in Massachusetts, then Massachusetts is a forum non conveniens.

BACKGROUND

On approximately September 18, 2001, Trans National, a Delaware corporation with its principal place of business in Massachusetts, and Publishers Marketing Outlet, Inc. (Publishers), a Florida corporation with its principal place of business in Florida, entered into a contract (the Contract) under which Trans National would provide long-distance service to Publishers at a discounted rate so long as Publishers utilized 25,000 minutes a month of long-distance service.[2] The Contract was signed by Trans National and William Balsamo (Balsamo) as president of Publishers.[3] The Contract contained a forum selection clause designat *221 ing Massachusetts as the controlling jurisdiction. Publishers, however, could not use 25,000 minutes a month so Publishers agreed with the Motion Defendants and Tele Sales, a Florida corporation with its principal place of business in Florida, to share the long-distance service that Publishers would get at the discounted rate. Ellsworth and Balsamo were joint shareholders, officers, and directors of Tele Sales while Ellsworth was also the sole shareholder, officer, and director of JWE Enterprises, Big Sky, and Periodicals. JWE Enterprises and Periodicals are Florida corporations with their principal places of business in Florida while Big Sky is a Montana corporation with its principal place of business in Montana. As a result of the agreement between Publishers and the Motion Defendants, Publishers requested that Trans National provide the services to locations in Springhill, Florida as well as Missoula and Lolo, Montana, where the Motion Defendants had places of business. Trans National performed under the Contract and provided long-distance service to Publishers in the various locales. On several occasions in 2002, Publishers ordered additional long-distance service from Trans National for the Florida and Montana locations.
The long-distance services were used by Publishers as well as Tele Sales and the Motion Defendants throughout the duration of the contract. Publishers paid the bills to Trans National for a period of time, while on some occasions, Trans National, pursuant to Publishers’ request, forwarded certain bills to Cross Media Marketing, Inc. (Cross Media), a now bankrupt company, that failed to make payments on those particular accounts.[4] Occasionally, Publishers also made payments from Tele Sales’ bank accounts. Trans National continued to provide the long-distance service under the Contract, but the bills on several accounts went unpaid. When Trans National attempted to collect the unpaid amounts, Trans National discovered that Publishers and Tele Sales were defunct. As a result, Trans National instituted this action to recover the unpaid amounts on the delinquent accounts.

DISCUSSION

Pursuant to the Motion Defendants’ motion to dismiss under Mass.RCiv.P. 12(b)(2), the plaintiff bears the burden of establishing that the court has personal jurisdiction over the nonresident defendant. Cepeda v. Kass, 62 Mass.App.Ct. 732, 736 (2004). In order to satisfy its burden, Trans National must make a prima facie showing that asserting jurisdiction over the Motion Defendants is authorized by the longarm statute under G.L.c. 223A, §3(a)-(h), and that the exercise of such jurisdiction is proper in light of due process considerations.[5] Id. citing Good Hope Indus., Inc. v. Ryder Scott Co., 378 Mass 1, 5-6 (1979). Aprima facie showing is made when the evidence “standing alone and unexplained, maintains the proposition and warrants the conclusion to support which it is introduced.” Cepeda, 62 Mass.App.Ct. at 738, quoting Thomes v. Meyer Store, Inc., 268 Mass. 587, 588 (1929). Under due process considerations, Trans National must present evidence showing that “there was some minimum contact with the Commonwealth which resulted from an affirmative, intentional act of the defendant, such that it is fair and reasonable to require the defendant to come into the State and defend the action.” Id. In analyzing the jurisdictional claim, the court takes the evidence set forth by Trans National as “true (whether or not disputed) and construe[s] [it] in the light most congenial” to Trans National’s claim.
Trans National points to the forum selection clause contained in the Contract with Publishers designating Massachusetts as the appropriate jurisdiction. The Motion Defendants do not dispute that Publishers may be bound by the forum selection clause, but the Motion Defendants argue that their relationship with Publishers is insufficient to impute jurisdiction. Trans National contends that an agency relationship existed between Publishers and the Motion Defendants sufficient to impute jurisdiction upon the Motion Defendants via the forum selection clause in the Contract. In addition, Trans National argues that Publishers and Tele Sales were “mere shells” that Balsamo and Ells-worth utilized to obtain long-distance service for the Motion Defendant corporations with no intention of paying for the services rendered by Trans National.
Without a sufficient agency relationship or similar connection between Publishers and the Motion Defendants, Trans National cannot show sufficient contact with Massachusetts for the court to assert jurisdiction over the Motion Defendants. While the longarm statute’s “transacting any business in this commonwealth” language is construed broadly, accepting services outside the Commonwealth from a Massachusetts company and failing to make payments is insufficient to sustain jurisdiction under the longarm statute. Telco Comm., Inc. v. N.J. State Firemen’s Mut Benevolent Ass’n., 41 Mass.App.Ct. 225, 229-32 (1996); Droukas v. Divers Training Academy, Inc., 375 Mass. 149, 153-55 (1978), citing Automatic Sprinkler Corp., of America v. Seneca Foods Corp., 361 Mass 441, 443-44 (1972). Other than the forum selection clause set forth in the Contract, which was signed only by Balsamo as Publishers’ president, Trans National has not pointed to any facts that, if imputed, would equate to the Motion Defendants “transacting any business in this Commonwealth” under the longarm statute and suffice under the protections of due process. G.L.c. 223A, §3(a). Trans National has not set forth facts to show that the Contract was entered into in Massachusetts by any of the Motion Defendants or that any services were rendered within the Commonwealth. As a result, sufficient contacts with Publishers and the forum selection clause must be imputed to the Motion Defendants in order to confer personal jurisdiction in this matter.
*222 Given these facts, the court could only assert personal jurisdiction over the Motion Defendants if Trans National makes a prima facie showing that there was an agency or similar relationship between Publishers and the Motion Defendants sufficient to show that the Motion Defendants purposely availed themselves of the laws and protections of Massachusetts, subjecting them to personal jurisdiction here. Daynard v. Motley, 290 F.3d 42, 56-57 (1st Cir. 2002). Trans National, for purposes of this motion, need not show that an actual agency relationship existed between Publishers and the Motion Defendants, but rather that a sufficient relationship existed “to permit the exercise of jurisdiction.” Id.
Trans National urges the court to find an agency relationship for jurisdictional purposes based upon the facts that Ellsworth and Balsamo were joint owners of Tele Sales while Ellsworth also owned JWE Enterprises, Big Sky, and Periodicals. In addition, Trans National points out that the Motion Defendants agreed with Publishers, albeit independent of the Contract in question, to share the long-distance service provided by Trans National. While Trans National has shown that the Motion Defendants agreed to share and in fact did share the services with Publishers, even in the light most favorable to Trans National, this fact cannot require the Motion Defendants to defend the action in Massachusetts.
Although it could be inferred that the Motion Defendants’ agreement to share the services with Publishers led to the Contract with Trans National, the plaintiffhas failed to show how this action justifies the exercise of jurisdiction under the forum selection clause. Trans National has not shown any facts to infer that Publishers entered into the contract at the Motion Defendants’ direction or control, or that the Motion Defendants authorized Publishers to contract on their behalf. The evidence only demonstrates that the Motion Defendants agreed with Publishers to share the long-distance services under the Contract between Publishers and Trans National, which is insufficient to subject the Motion Defendants to the forum selection clause. Trans National offers no evidence to indicate that the Motion Defendants agreed to or authorized Publishers to bind them to the terms of the Contract. Compare Daynard, 290 F.3d at 41-45. Moreover, Trans National offers no evidence to suggest that it rendered the services in reliance on the Motion Defendants’ participation in the Contract.
Even if the Motion Defendants’ actions were sufficient under the longarm statute, this contact is insufficient under due process analysis. Under the Due Process Clause, the assertion of personal jurisdictional must be “fair and reasonable” to require the Motion Defendants to defend the action in Massachusetts. Cepeda, 62 Mass.App.Ct. at 736, quoting Good Hope, 378 Mass. at 7. Trans National has not shown that the Motion Defendants had any connection to Massachusetts other than agreeing to share long-distance service with Publishers who signed a contract containing a forum selection clause. While Trans National has shown that the Motion Defendants agreed to share long-distance service with Publishers, Trans National’s showing is “void of any purposeful intent on the part of the [Motion Defendants] to avail [themselves] of the privilege of conducting activities within [Massachusetts].” Droukas, 375 Mass. at 154.
Alternatively, Trans National contends that Publishers and Tele Sales were “mere shells” or “alter egos” of the Motion Defendants, evidencing a conspiracy on the part of all the defendants to commit fraud upon Trans National by using Publishers to contract for long-distance services and not pay for those services rendered under the Contract. When the courts have addressed such a theory, they have required the plaintiff to satisfy a slightly higher burden of producing facts to confer jurisdiction. See Filler v. Lernout, 337 F.Sup.2d 298, 313-15 (D.Mass. 2004). While Trans National, at this stage, is not required to show that the Motion Defendants actually used Publishers as a mere shell, Trans National must present facts that, if taken as true, would show that an alter ego relationship likely existed as to make the exercise of jurisdiction proper in this case. Cf. Daynard, 290 F.3d at 56-57 (requiring only that a sufficient agency relationship existed for conferring jurisdiction).
Trans National, however, has not presented sufficient evidence to assert personal jurisdiction over the Motion Defendants under an alter ego/conspiracy theoxy. Trans National has only presented evidence that 1) Ellsworth jointly owned Tele Sales with Balsamo, the president and owner of Publishers; 2) Ellsworth owned JWE Enterprises, Big Sky, and Periodicals; 3) Publishers failed to pay for the services rendered under the Contract; and 4) Publishers and Tele Sales are now either bankrupt or on the verge of bankruptcy. Commonality of ownership between Ells-worth, owner of the Motion Defendant corporations, and Balsamo, Publishers’ owner, in Tele Sales is not enough for the Motion Defendants to have intentionally availed themselves of Massachusetts jurisdiction. Lernout, 337 F.Sup.2d at 313-15. Even a parent/subsidiary relationship alone is insufficient to confer jurisdiction; the plaintiff must show some facts that evidence a fraud in order to successfully assert jurisdiction under an alter ego/conspiracy theory. Id.
Trans National has not shown any facts to suggest that the Motion Defendants created or maintained Publishers simply to defraud Trans National out of long-distance service, that the Motion Defendants underfunded Publishers, or that the Motion Defendants possessed ownership or control of Publishers so as to commit the alleged fraud. Id. Therefore, asserting jurisdiction over the Motion Defendants based upon the commonality of ownership between Ellsworth and Balsamo in Tele Sales would not meet the “fair and *223 reasonable” requirement necessary to exercise jurisdiction over the Motion Defendants.[6]

ORDER

For the reasons set forth above, the defendants’, JWE Enterprises, Inc.; Periodical Services, Inc.; Big Sky Periodicals, Inc.; and Jason Ellsworth, Motion to Dismiss pursuant to Mass.R-Civ.P. 12(b)(2) is ALLOWED.

 The facts, as presented, are unclear on which state the contract was entered into. The Motion Defendants contend that the contract was formalized in Florida, but the plaintiff does not specify where the contract was signed. Equally vague are the facts presented by Trans National regarding which party initiated communication as to the long-distance service contract. The Motion Defendants contend that Trans National’s Florida agent initiated communication with Publishers with regard to the long-distance service while Trans National does not indicate who initiated the original correspondence.

 Trans National has alleged that Ellsworth was also a shareholder, officer, and director of Publishers, but exhibit A, pars. 5-12, and exhibit B, pars. 7-10, which Trans National has offered in support of its opposition, states that Ellsworth is not a shareholder, officer, or director of Publishers.

 The facts are unclear whether Cross Media is owned by any of the defendants or whether Cross Media is a separate company that utilized some of the long-distance services. The Motion Defendants contend that Cross Media is a separate company that is independent of any of the Motion Defendants.

 While Trans National must make a prima facie showing at this stage of the proceedings, it is important to note that Trans National ultimately bears the burden of proving personal jurisdiction over the defendants by a preponderance of the evidence. Cepeda, 62 Mass.App.Ct. at 738-39.

 Having found personal jurisdiction lacking as to the Motion Defendants, the court need not address the Motion Defendants’ fomm non conveniens claim.