NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-253

RAYAN TOBY

vs.

STEVE JONES.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff filed suit claiming that a security officer working for Allied Universal Security Services assaulted him at a grocery store in Dorchester. The defendant, who is the Chief Executive Officer of Allied Universal Security Services, moved to dismiss the plaintiff's amended complaint on grounds of lack of personal jurisdiction, failure to state a claim, failure to make proper service, and frivolousness. A Superior Court judge allowed the motion to dismiss after a hearing and "for the reasons provided in the defendant's memorandum." Judgment entered accordingly, and the plaintiff appealed.

We address the question of personal jurisdiction first as it goes to the power of the court to adjudicate the dispute. See D.F. Pray, Inc. v. Wesco Ins. Co., 103 Mass. App. Ct. 325, 326 n.1 (2023). Exercising de novo review, see id. at 330, we

conclude that the complaint was correctly dismissed on this basis. Neither the original complaint nor the amended complaint contains any allegations establishing personal jurisdiction over the defendant. In fact, the allegations mentioning the defendant are limited to the following (quoted verbatim): "I am filing a Lawsuit for $2 million dollars against Chief Executive Officer of the Allied Universal Security Services which is Steve Jones for an Assault on me by one of his Security Officer"; "Steve Jones Security Officer Jude Bazin that work for ESIS Allied Universal Security Services Assaulted me while he had a deadly weapon Pistol Gun Attached to him that put my life in fear"; "I am filing a lawsuit against Steve Jones for commited ERRONEOUS Action Assault towards me which serves no Ligitimate purpose"; and "Lawsuit against Steve Jones is $2 million."

In his motion to dismiss, the defendant argued that these allegations were inadequate to establish that the court had personal jurisdiction over him. The defendant further asserted in the motion that he was a resident of California, not Massachusetts. Confronted with this motion, the plaintiff had "the burden of establishing the facts upon which personal jurisdiction over [the] defendant [was] to be predicated." Cepeda v. Kass, 62 Mass. App. Ct. 732, 736-737 (2004). The plaintiff's opposition, however, did not address the question of personal jurisdiction at all, let alone make a "prima facie

2

showing of personal jurisdiction . . . based on evidence of specific facts set forth in the record."  Id. at 737.  Likewise, in his appellate briefs, the plaintiff raises no argument why the judge erred in dismissing the case for lack of personal jurisdiction.  We "need not pass upon questions or issues not argued in the [appellant's opening] brief."  Mass. R. A. P. 16 (a) (9) (A), as appearing in 481 Mass. 1628 (2019).

Concluding as we do, we likewise need not pass on the remaining grounds for affirmance urged by the defendant.  We deny the defendant's request for sanctions, as he has not provided adequate support for the request.

Judgment affirmed.

By the Court (Desmond, Shin & Singh, JJ.[1]),

Assistant Clerk
Patricia C. Malone

Entered: January 29, 2024.

---

[1] The panelists are listed in order of seniority.