NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-220

RICHARD G. CHWASTIAK

vs.

LEAH GOUGH-COOPER & another.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, a musician and DJ, brought an action alleging deliberate defamation and interference with contractual relations by the defendants and seeking damages and injunctive relief.  The complaint alleges that after certain events surrounding a performance of the plaintiff's in Brooklyn, New York, the defendants intentionally made false and malicious statements, both written and oral, in an attempt to prevent the plaintiff from earning a living and to directly interfere with known contractual relationships of the plaintiff.  It alleges these statements were made "to several venues within New York," and that the defendants also sent "messages to the venue and/or

_____

[1] Kira Ibanez.

artists for" an event for which plaintiff had been hired in Berlin, Germany, for New Year's Eve 2023, resulting in the plaintiff being removed from the event and losing his costs and compensation, and in damage to his reputation.  The defendants filed a motion to dismiss for lack of personal jurisdiction under Mass. R. Civ. P. 12 (b) (2).  Finding the plaintiff had failed to make out a prima facie case, a judge of the Superior Court allowed the motion.  The plaintiff has now appealed.

Discussion.  "The most common approach" to addressing a motion to dismiss on grounds of lack of personal jurisdiction

> "allows a court to determine a rule 12 (b) (2) motion solely on affidavits and other written evidence without conducting an evidentiary hearing. . . .  The most typical method of resolving a motion to dismiss for lack of personal jurisdiction allows the court to consider only whether the plaintiff has proffered evidence that, if credited, is enough to support findings of all facts essential to personal jurisdiction.  The prima facie showing of personal jurisdiction must be based on evidence of specific facts set forth in the record" (quotations and citations omitted).

Cepeda v. Kass, 62 Mass. App. Ct. 732, 737 (2004).

The plaintiff's allegations against the defendants are well known to the parties and need not be repeated in detail here. Where allegations of fact are relevant, they are included in our discussion below.

The defendants contest the admissibility of some of the evidence on which the plaintiff relied in opposing the motion to

2

dismiss, and on which the plaintiff relies here, for example, webpages he has cited.  The defendants also have in substance admitted some of the allegations.  In either event, we will assume for the purposes of this appeal, without deciding, that all the relevant facts alleged by the plaintiff are true.[2]

Of course, for a Massachusetts court to hear a case, it must have jurisdiction over the parties.  See Doucet v. FCA US LLC, 492 Mass. 204, 207 (2023).  The defendants do not live in Massachusetts and "[p]ersonal jurisdiction over an out-of-State defendant is proper only where both the forum State's long arm statute and the requirements of due process allow it."  SCVNGR, Inc. v. Punchh, Inc. 478 Mass. 324, 328 (2017).

In arguing that there is personal jurisdiction under our long arm statute, the plaintiff relies only on G. L. c. 223A, § 3 (a) and (c).  In relevant part, § 3 reads,

"A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or equity arising from the person's (a) transacting any business in this commonwealth; . . . [or] (c) causing tortious injury by an act or omission in this commonwealth" (emphasis added).

---

[2] The complaint alleged that one of the defendants, Ibanez, lives in Brookline.  In her affidavit, Ibanez swore that this is not true and has not been true since 2013.  The plaintiff does not contest this, and, indeed, his brief proceeds on the basis that the affidavit is correct, and Ibanez does not live in Massachusetts.  Given the evidence in the record, we proceed on that same basis.

3

G. L. c. 223A, § 3.

The plaintiff argues that defendant Ibanez received compensation in Massachusetts as recently as 2019, when she is alleged to have earned three hundred dollars working there one night; to have promoted her company, which was established in 2023, for performances in Massachusetts; and to have attended a promoted event in Boston for her company.  Again, we will assume this is all true for purposes of our decision.  The plaintiff also argues that in an interview, Ibanez stated that her company is "home for [eleven] resident artists . . . based in Brooklyn, Boston, Pittsburgh and Miami," and posted on her company's social media a promotion for an East coast tour that stated, "[i]f you live in Baltimore, Boston, Philly or NYC, this is your sign to make it to the dance floor."  Defendant Gough-Cooper, the plaintiff alleges, performed in Massachusetts as a DJ in 2015 and again in 2019.

We may assume, without deciding, that these actions by each defendant would meet the statutory definition of "transacting any business in this commonwealth."  G. L. c. 223A, § 3 (a).  Nothing in the allegations, however, supports a conclusion that the defendants or either of them "caus[ed] tortious injury by an act or omission in this commonwealth."  G. L. c. 223A, § 3 (c).

4

In any event, however one were to characterize these minimal contacts with the Commonwealth, to whatever extent they can be properly characterized as contacts, the complaint makes clear that the cause of action in this case does not "arise from" any of these alleged transactions or acts. Consequently, the plaintiff has failed to meet his burden of demonstrating in the trial court personal jurisdiction in this case.[3]

The judge concluded that the court lacked personal jurisdiction over the defendants under the long-arm statute and dismissed the case without reaching the question of due process. As we affirm on that same basis, we too, do not reach the constitutional issue.

<u>Judgment affirmed</u>.

By the Court (Rubin, Shin & Singh, JJ.[4]),

Clerk

Entered:  January 21, 2026.

---

[3] At argument, the plaintiff also asserted that personal jurisdiction lies under G. L. c. 223A, § 3 (d).  Having not been raised in his brief, this argument is waived, and we express no opinion on its merit.

[4] The panelists are listed in order of seniority.

5